WELLS, J.
We have for review Waits v. State, 795 So.2d 237 (Fla. 5th DCA 2001), which expressly and directly conflicts with the decision in Chaeld v. State, 599 So.2d 1362, 1364 (Fla. 1st DCA 1992). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
The respondent was convicted by a jury of aggravated battery, aggravated assault, and false imprisonment. The district court reversed respondent’s conviction of false imprisonment because respondent’s confinement of the victim was incidental to the crimes of battery and aggravated assault and therefore did not meet the test announced by this Court in Faison v. State, 426 So.2d 963, 965 (Fla. *1031 1983).[1] See Waits, 795 So.2d at 239. In State v. Smith, 840 So.2d 987 (Fla.2003), this Court held that the Faison test is not applicable to false imprisonment convictions. Accordingly, we quash the district court’s reversal of the respondent’s false imprisonment conviction.[2] We direct that this case be remanded to the trial court for resentencing based on the district court’s holding reducing the respondent’s aggravated battery conviction to simple battery.
It is so ordered.
LEWIS and QUINCE, JJ„ and HARDING, Senior Justice, concur.
PARIENTE, J., dissents with an opinion, in which ANSTEAD, C.J., and SHAW, Senior Justice, concur.

. The district court also reduced the respondent's aggravated battery conviction to simple battery. The State did not appeal this holding.

. Convicting the respondent of battery, aggravated assault, and false imprisonment does not violate the Double Jeopardy Clause. See U.S. Const, amend. V; art. I, § 9, Fla. Const. "The Double Jeopardy Clause in both the state and federal constitutions protects criminal defendants from multiple convictions and punishments for the same offense.” Gordon v. State, 780 So.2d 17, 19 (Fla.2001). Application of the test announced in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), codified in section 775.021, Florida Statutes (1997), reveals that the Double Jeopardy Clause is not violated because the statutory elements of false imprisonment are different from the elements of both battery and aggravated assault. Compare § 787.02, Fla. Stat. (1997), with §§ 784.021, -.03, Fla. Stat. (1997). False imprisonment is a separate offense from aggravated battery and aggravated assault.