914 So.2d 9 (2005)
STATE of Florida, Appellant,
v.
Fred CARSWELL, Appellee.
No. 4D04-1635.
District Court of Appeal of Florida, Fourth District.
June 8, 2005.
*10 Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellant.
Joseph W. Gibson of Joseph W. Gibson, P.A., Miami, for appellee.
POLEN, J.
Appellant, the State of Florida, has timely appealed the trial court's order granting the Appellee's motion for arrest of judgment and motion for acquittal due to an inconsistent verdict. We believe, however, that the jury lawfully exercised its right to grant a jury pardon. Therefore, we reverse, as explained below.
This case arose from a drug deal gone bad resulting in an altercation on November 20, 2002. Donnell Brown had known the Appellant, Fred Carswell, since Carswell was born. A few weeks before the altercation, Brown had purchased 125 grams of cocaine from Carswell for $2,750. However, the cocaine that Brown received was not pure and could not be trafficked. Brown expected a refund. On the day of the altercation, Brown went to Carswell's place of work. Carswell was not there, but before Brown left, he informed someone there that he was looking for Carswell.
Later that same day, Brown received a phone call from Carswell, who was angry that Brown went to his place of work. Carswell informed Brown that such conduct would not help him get his money back and would only result in a fistfight. Brown, now himself angry, accepted Carswell's invitation for a fight and returned to Carswell's place of work. Brown was accompanied by three of his brothers and a fourth individual, who were brought along as backup in case the fight escalated. Brown, who was unarmed, arrived at Carswell's work place before Carswell. Carswell arrived a few minutes later driving a black GMC truck. When Carswell exited his vehicle, he flashed a gun in his left pocket which he continued to hold. Brown did not believe Carswell would shoot him and an altercation ensued. Carswell pulled out his gun and shot Brown. Carswell fled the scene and Brown was taken to the hospital by one of his brothers.
Carswell was ultimately charged by Amended Information with attempted second degree murder. At trial, in addition to Brown's account of the facts, several *11 expert and forensic witnesses testified. A crime scene technician testified that a box of ammunition was found in Carswell's truck. The general consensus of the expert and forensic witnesses was that Brown was shot once. Finally, a prison inmate who served time with Carswell testified that Carswell told him about this incident. According to this inmate, Carswell dealt in bad dope. One victim (Brown) came back angry but Carswell told the inmate he took care of the guy, using the gestures of his hands as guns.
The case was submitted to the jury with a verdict form which allowed the jury to find Carswell guilty of attempted murder in the second degree with a firearm, attempted murder in the second degree, aggravated battery, or not guilty. If the jury found Carswell guilty of one of the three options, the jury had to determine whether Carswell possessed a firearm, discharged that firearm, and/or inflicted great bodily harm as a result of the discharge of that firearm. The jury returned a verdict of guilt to the charge of aggravated battery, but inexplicably determined that Carswell did not possess a firearm. Carswell moved for a judgment of acquittal and/or arrest of judgment due to the fact that the jury found that Carswell did not possess a firearm. The trial court granted the motion for arrest of judgment/judgment of acquittal and reduced the conviction to simple battery.
We find that the trial court erred by granting Carswell's Motion for Arrest of Judgment and Motion for Judgment of Acquittal as a result of the inconsistent verdict because the jury was lawfully exercising its pardon power.
Judge Klein, in his concurring opinion in Willis v. State, 840 So.2d 1135, 1138 (Fla. 4th DCA 2003) (citation omitted), wrote:
A jury pardon ... is essentially "a not guilty verdict rendered contrary to the law and evidence" and is an aberration. It is also contrary to Standard Jury Instruction 2.8, which tells the jury that if it does "return a verdict of guilty, it should be for the highest offense which has been proven beyond a reasonable doubt."
Nevertheless, Florida law permits a jury to be lenient and pardon a defendant either by finding him not guilty or by convicting a defendant of a lesser included offense. See id.
[T]he general rule is that inconsistent verdicts are permitted in Florida, [however] we have pointed out ... that "truly" or legally interlocking inconsistent verdicts require acquittal. We have stated that inconsistent verdicts are allowed because jury verdicts can be the result of lenity, and, therefore, verdicts do not always speak to the guilt or innocence of a defendant.
State v. Connelly, 748 So.2d 248, 252-53 (Fla.1999) (citations omitted) (distinguishing between verdicts that are factually inconsistent from those that are "truly" inconsistent). "True inconsistent verdicts [are] those in which an acquittal on one count negates a necessary element for conviction on another count." Gonzalez v. State, 440 So.2d 514, 515 (Fla. 4th DCA 1983). The fifth district recently acknowledged the problem of determining "whether a jury verdict is `truly inconsistent,' or whether the jury merely granted the defendant a jury pardon." Smalley v. State, 889 So.2d 100, 103 (Fla. 5th DCA 2004).
At bar, the verdict was certainly factually inconsistent in that the evidence indicated that Carswell possessed a firearm and the only injury sustained by Brown was a gunshot wound. Therefore, convicting Carswell of aggravated battery after finding that he did not possess or discharge a firearm is impossible to reconcile. *12 Nevertheless, the verdict is not "truly" inconsistent. Aggravated battery can be committed in any of three ways: (1) intentionally or knowingly causing great bodily harm, permanent disability, or permanent disfigurement; or (2) using a deadly weapon; or (3) committing a battery on a victim who is known to be pregnant. § 784.045, Fla. Stat. (2002). A finding that Carswell did not possess a firearm does not negate the elements of aggravated battery without a firearm under the above first definition. Consequently, were we to affirm the reduction of Carswell's conviction for aggravated battery to simple battery, we would only exacerbate the apparent partial jury pardon and display of lenience.[1]
We decline to address Carswell's affirmative issues pursuant to Florida Rule of Appellate Procedure 9.110(g). See A-1 Racing Specialties, Inc. v. K & S Imports of Broward County, Inc., 576 So.2d 421, 422 (Fla. 4th DCA 1991). However, we reverse the trial court's order which granted Carswell's Motion for Arrest of Judgment and Motion for Judgment of Acquittal without prejudice to any motion for a claim of ineffective assistance of appellate counsel. See Fla. R.App. P. 9.141(c). The trial court is instructed to re-enter Carswell's conviction for aggravated battery, and sentence him accordingly.
Reversed.
GUNTHER and HAZOURI, JJ., concur.
NOTES
[1] The State suggests that the jury, having been made fully aware of the 10-20-Life sentencing scheme, was informed that if it convicted Carswell of a crime involving a firearm, it would be Carswell's third firearm conviction and would result in a life sentence. The State also asserts that the jury may have attributed some of the blame for the incident to Brown, who was previously convicted of multiple felonies and was shot in the context of a drug deal gone bad. The combination of these two factors may have resulted in the jury's leniency.