ROTHENBERG, Judge.
The defendant, Tommy Joe Washington, appeals his convictions for attempted aggravated battery, aggravated assault with a firearm, and shooting or throwing a deadly missile in a building. The defendant was convicted of shooting from his apartment window at Javier Lanuza, who was holding T.H., a child, at the time. We affirm.
The defendant claims that the jury was improperly charged and he was improperly convicted of the crime of attempted aggravated battery as a lesser included offense of attempted second degree murder. In support of his argument, the defendant argues that attempted aggravated battery cannot be a lesser included offense of attempted second degree murder because the offenses carry the same penalty. *346 See Standard Jury Instructions in Criminal Cases (97-2), 723 So.2d 123, 124 (Fla.1998) (“No offense is deemed to be a lesser offense if it carries the same penalty as the crime under consideration.”) (citing Ray v. State, 403 So.2d 956 (Fla.1981) and State v. Carpenter, 417 So.2d 986 (Fla.1982)); see also Franklin v. State, 877 So.2d 19 (Fla. 4th DCA 2004). This claim is premised upon the defendant’s argument that because the State charged him with attempted second degree murder with the use of a firearm during the commission of that offense, and both attempted second degree murder with a firearm and attempted aggravated battery with a firearm carry a twenty-year minimum mandatory sentence under section 775.087(2)(a)(2), Florida Statutes (2004), the penalties would be the same, and thus attempted aggravated battery could not be a lesser included offense of attempted second degree murder. We disagree.
Attempted aggravated battery is a third degree felony punishable up to five years incarceration. Attempted second degree murder is a second degree felony punishable up to fifteen years incarceration. The use of a firearm during the commission of an attempted aggravated battery, pursuant to section 775.087(2)(a), Florida Statutes, reclassifies this third degree felony to a second degree felony, punishable up to fifteen years incarceration, while the same statute reclassifies the attempted second degree murder to a first degree felony punishable up to thirty years. See Nesbitt v. State, 889 So.2d 801, 803 (Fla.2004). Thus, even with the imposition of a twenty-year minimum mandatory sentence under section 775.087(1), pursuant to the 10/20/Life Act, attempted second degree murder, which carries a thirty year sentence, would provide a greater punishment than that of the attempted aggravated battery. Consequently, attempted aggravated battery qualifies as a lesser included offense of attempted second degree murder even when a firearm is used.
The defendant additionally argues that the trial court should not have included attempted aggravated battery as a lesser included offense because the charging document did not sufficiently allege the elements of attempted aggravated battery, specifically that the defendant intended to cause great bodily harm to the victim. See Farley v. State, 740 So.2d 5, 6 (Fla. 1st DCA 1999) (“Before convicting for a lesser offense, the elements of the lesser offense must be alleged in the information, and there must be proof of those elements at trial.”) (citing State v. Von Deck, 607 So.2d 1388 (Fla.1992)). However, attempted aggravated battery is committed when a person commits an attempted battery and either intends to cause great bodily harm or uses a deadly weapon. See § 784.045, Fla. Stat. (2004); State v. Carswell, 914 So.2d 9, 2005 WL 1335901 (Fla. 4th DCA June 8, 2005).[1] Although the information in the instant case did not allege that the defendant intended to cause great bodily harm, it did allege that he discharged a firearm. Thus, the charging document provided a basis for the trial court’s instruction on attempted aggravated battery.
The defendant’s next argument is that the trial court erred in instructing the jury on self-defense because, when defining the offenses for which the defendant could legally use force to defend himself against, the instructions erroneously included language that the elements of the crimes must be proven beyond a reasonable doubt. This specific issue was, how *347 ever, not raised below, and therefore, not preserved for appellate review. See Globe v. State, 877 So.2d 663, 677 (Fla.2004).
We also conclude that the defendant’s final claims are without merit. The defendant’s fourth claim, that the trial court erred by denying his motion for judgment of acquittal because the State did not rebut his theory of self-defense, is without merit as the State did offer rebuttal evidence, including evidence that the defendant shot at the victims while they were running away from him. Likewise, we find no merit in the defendant’s claim that the trial court erred in denying his motion for judgment of acquittal as to the count for shooting or throwing a deadly missile in a building. The defendant argues that section 790.19, Florida Statutes (2004), requires that the offender shoot at someone inside a building, and the undisputed evidence established that the defendant fired from inside the building at Javier Lanuza, who was outside of the building. Section 790.19, Florida Statutes (2004), however, provides, in part that ‘Whoever, wantonly or maliciously, shoots at, within, or into ... any public or private building, occupied or unoccupied, ... shall be guilty of a felony of the second degree.... ” We therefore conclude that the statute does not exclude the defendant from its operation when he fired his firearm while inside of a building at Javier Lanuza who was outside of the building. As he was “within” the building when he fired his gun, the fact that the bullets traveled out of the building is of no consequence.
Affirmed.

. Although not relevant here, a person also commits aggravated battery by battering a person who the batterer knew, or should have known, was pregnant. Id.