947 So.2d 692 (2007)
Fred CARSWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4707.
District Court of Appeal of Florida, Fourth District.
February 7, 2007.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
*693 Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant Fred Carswell ("Carswell") timely appeals a conviction of aggravated battery and sentence to fifteen years in Florida state prison. We address two issues on appeal: (1) whether the trial court erred, in violation of double jeopardy, in resentencing Carswell upon remand from a successful State appeal; and (2) whether the trial court abused its discretion in admitting Florida Department of Corrections records into evidence for Prison Releasee Reoffender ("PRR") sentencing purposes.
Carswell was originally charged by amended information with attempted second degree murder. However, the jury found him guilty only of aggravated battery. Carswell proceeded to file a motion for judgment of acquittal, a motion for arrest of judgment and a motion for new trial. The trial court granted Carswell's motions for judgment of acquittal and arrest of judgment, and reduced Carswell's conviction to simple battery, sentencing him to 364 days in jail with credit for 73 days time served.[1]
The State appealed the trial court's order, and this court reversed and remanded with instructions to reenter Carswell's conviction for aggravated battery and to sentence him accordingly.[2] Pursuant to this court's mandate, the trial court vacated its order, thereby vacating Carswell's battery adjudication and sentence. The trial court then reinstated Carswell's conviction for aggravated battery and sentenced him to fifteen years in prison as a PRR. The court's PRR finding was based on Florida Department of Corrections ("FDOC") records indicating that Carswell was last released from the FDOC's custody less than three years before he committed the current offense.
Carswell argues that the trial court violated his Fifth Amendment right not to be twice put in jeopardy of life or limb for the same offense when it vacated his conviction and sentence for simple battery and re-sentenced him to aggravated battery. See Amend. V, U.S. Const. The legality of a sentence is a question of law and is subject to de novo review. Flowers v. State, 899 So.2d 1257, 1259 (Fla. 4th DCA 2005). In State v. Carswell, 914 So.2d 9 (Fla. 4th DCA 2005), we reversed the trial court's order granting Carswell's motion for arrest of judgment on the basis that the jury lawfully exercised its right to jury pardon. Carswell, 914 So.2d at 11-12 (citing State v. Connelly, 748 So.2d 248, 252-53 (Fla.1999) (stating that although "`truly' or legally interlocking inconsistent verdicts require acquittal," "inconsistent verdicts are allowed because jury verdicts can be the result of lenity . . .")). We did so despite the fact that Carswell had already completed service of his sentence for simple battery. To find otherwise would have improperly precluded the State from appealing the trial court's arrest of judgment. To now hold the trial court's subsequent resentencing violative of the Double Jeopardy Clause would also serve to wrongly prevent the State from appealing an arrest of judgment. Moreover, had the trial court truly erred in granting Carswell's *694 motion for arrest of judgment, he could not have served the correct sentence. Therefore, we find no violation of the Double Jeopardy Clause.
As to Carswell's contention that the trial court abused its discretion in admitting FDOC records into evidence for PRR sentencing purposes, we disagree and affirm on the basis of Yisrael v. State, 938 So.2d 546 (Fla. 4th DCA 2006), and, as we did in Yisrael, certify conflict with Gray v. State, 910 So.2d 867 (Fla. 1st DCA 2005). See Yisrael, 938 So.2d at 550.
Affirmed.
WARNER and GROSS, JJ., concur.
NOTES
[1] The trial court did not rule on Carswell's motion for new trial.
[2] State v. Carswell, 914 So.2d 9, 11-12 (Fla. 4th DCA 2005) (reversing trial court's order granting Carswell's motion for arrest of judgment and motion for judgment of acquittal, where jury lawfully exercised its right to jury pardon and the evidence supported the jury's verdict of aggravated battery).