THOMAS, J.
Appellant appeals his convictions for aggravated assault and battery. We conclude that the trial court properly denied Appellant’s motion for judgment of acquittal, and affirm without comment. We, however, agree with Appellant that his conviction for aggravated assault must be reduced to simple assault, because the jury’s verdict of guilt as to aggravated assault is truly inconsistent with its specific finding on the verdict form that Appellant did not possess a firearm during the aggravated assault.

Facts

On June 6, 2012, the victim drove with her two small children to a convenience store. Upon pulling into the parking lot and looking in her rearview mirror, she saw someone rushing her car. She left her car and proceeded to the back of her vehicle. Appellant approached, and began screaming at her; she yelled back, saying he needed to get away from her car because her children were inside. Appellant then poked the victim in the chest with a gun, saying that he’s “got that for your old man.” Appellant quickly put the gun back into his pocket and shoved the victim to the ground. She responded by calling the police. The victim testified at trial that she did not know who Appellant was when he approached her vehicle, but believed that his statement concerning her “old man” was directed at her former fiancé, who had been involved in a prior altercation with Appellant.
The jury was instructed on the crime of aggravated assault. The jury was also instructed that if they found Appellant guilty of aggravated assault and found beyond a reasonable doubt that he actually possessed a firearm, they should find Appellant guilty of aggravated assault with actual possession of a firearm. Both the State and Appellant agreed to omit the lesser-included offense of assault from the jury instructions and verdict form. The jury found Appellant guilty of aggravated assault and battery, but in answering the particular interrogatory on the verdict form, specifically found that Appellant did not actually possess a firearm during the aggravated assault.
Appellant filed a motion for new trial, asserting that the jury’s specific finding on the interrogatory was truly inconsistent with finding Appellant guilty of aggravated assault. Appellant argued that the jury’s specific finding that he did not possess a firearm during the aggravated assault contradicted an essential element of aggravated assault — that the assault was made with a deadly weapon — and noted that it was undisputed that there was no evidence presented at trial of any weapon other than the alleged firearm. Appellant requested a new trial or, alternatively, that the trial court adjudge Appellant guilty of simple assault. The State asserted that the verdict was not truly inconsistent and the jury was exercising its pardon power. The trial court denied Appellant’s motion, concluding that the case was analogous to State v. Carswell, 914 So.2d 9 (Fla. 4th DCA 2005).

Analysis

“An inconsistent verdicts claim presents a pure question of law and is reviewed de novo.” Brown v. State, 959 So.2d 218, 220 (Fla.2007) (citing Dial v. State, 922 So.2d 1018, 1020 (Fla. 4th DCA 2006)).
In Brown, the Florida Supreme Court described the general principles of inconsistent jury verdicts as follows:
As a general rule, inconsistent jury verdicts are permitted in Florida. Eaton v. State, 438 So.2d 822 (Fla.1983); *893 Goodwin v. State, 157 Fla. 751, 26 So.2d 898 (1946); Gonzalez v. State, 440 So.2d 514 (Fla. 4th DCA), review dismissed, 444 So.2d 417 (Fla.1983). Inconsistent verdicts are allowed because jury verdicts can be the result of lenity and therefore do not always speak to the guilt or innocence of the defendant. See Eaton, 438 So.2d at 823....
This Court has recognized only one exception to the general rule allowing inconsistent verdicts. This exception, referred to as the “true” inconsistent verdict exception, comes into play when verdicts against one defendant on legally interlocking charges are truly inconsistent. As ... explained ... in Gonzalez, true inconsistent verdicts are “those in which an acquittal on one count negates a necessary element for conviction on another count.” 440 So.2d at 515.
959 So.2d at 220.
Here, the trial court concluded that Carswell was controlling and that there was not a truly inconsistent verdict. We must disagree and find Carswell distinguishable. In Carswell, the defendant sold impure cocaine to the victim, and the two individuals later got into an altercation over the drugs. 914 So.2d at 10. Although the defendant flashed a gun before the altercation, the victim testified that he did not think the defendant would use it. Id. During the altercation, the defendant again pulled out the gun and shot the victim. Id. The jury verdict form included the offenses of attempted second-degree murder with a firearm, attempted second-degree murder, and aggravated battery. Id. at 11. The jury was instructed that if they found the defendant guilty of any of the three offenses, they had to determine whether the defendant possessed a firearm, discharged the firearm, and/or inflicted great bodily harm as a result of the discharge of the firearm. Id. The jury returned a verdict of guilty to aggravated battery, but “inexplicably determined that [the defendant] did not possess a firearm.” Id. The trial court granted the defendant’s motion for judgment of acquittal and/or arrest of judgment due to the fact that the jury found that the defendant did not possess a gun. Id.
The Fourth District reversed, holding that the jury was lawfully exercising its pardon power. Id. The court found that the verdict was certainly factually inconsistent with the evidence that the defendant not only possessed a firearm, but the victim’s only injury was a gunshot wound. Id. The court also determined that convicting the defendant of aggravated battery after finding that he did not possess or discharge a firearm was impossible to reconcile, but still found that the verdict was not “truly inconsistent,” because aggravated battery could be committed by intentionally or knowingly causing great bodily harm, permanent disability or permanent disfigurement, or using a deadly weapon, or by committing a battery on a victim who is known to be pregnant. Id. at 11-12. The Fourth District held that a finding that the defendant did not possess a firearm did not negate the elements of aggravated battery under the first definition of great bodily harm, and concluded that if it were to affirm the reduction of the defendant’s conviction of aggravated battery to simple battery, that would only exacerbate the apparent partial jury pardon and display of lenience. Id. at 12.
Here, in contrast to the defendant in Carswell, Appellant was convicted of aggravated assault pursuant to section 784.021, Florida Statutes (2012). Section 784.021, in pertinent part, provides:
(1) An “aggravated assault” is an assault:
(a) With a deadly weapon without intent to kill; or
*894 (b) With an intent to commit a felony.
Unlike the aggravated battery in Cars-well, which could be established by great bodily injury, aggravated assault can only be established if an assault was committed with a deadly weapon or with an intent to commit a felony. It is undisputed that, in this case, the only evidence of a deadly weapon presented at trial was the firearm. As such, the firearm is the only basis on which the deadly weapon element could be established. Thus, it is impossible to reconcile how the jury could find that Appellant committed aggravated assault with a deadly weapon, but also specifically find beyond a reasonable doubt that Appellant did not possess the firearm during the commission of the assault.
Moreover, the jury could not have independently concluded that Appellant committed the aggravated assault with an intent to commit a felony. The trial court did not instruct the jury on aggravated assault with an intent to commit a felony, pursuant to section 784.021(l)(b), nor could the evidence here have supported such an instruction. Instead, the jury was only instructed on aggravated assault with a deadly weapon. As such, we are left with the jury’s finding, beyond a reasonable doubt, that Appellant did not actually possess the firearm during the aggravated assault, which negates the critical element that elevates simple assault to aggravated assault. This is a true inconsistent verdict and is akin to the Fifth District’s opinion in Waits v. State, 795 So.2d 237 (Fla. 5th DCA 2001), reversed on other grounds, 848 So.2d 1030 (Fla.2003).
In Waits, the Fifth District reduced a conviction for aggravated battery, which was based only upon the use of a deadly weapon with no evidence of great bodily harm, to simple battery, because the jury specifically found that the defendant did not carry, display, use, etc., a deadly weapon. Id. at 238. The Fifth District concluded that upon the jury’s finding that a deadly weapon was not used, the trial court should have granted the defendant’s motion to reduce his conviction to simple battery, citing prior precedent on inconsistent verdicts. Id. In Waits, because there was no evidence of great bodily harm to support the conviction of aggravated battery, the Fifth District was forced to address the issue that the Fourth District was able to avoid in Carswell. Like the Waits court, we find that the trial court here should have reduced Appellant’s conviction for aggravated assault to simple assault, because the jury finding that he did not possess a gun cannot be reconciled with the jury finding of aggravated assault with a deadly weapon, under these facts.
The facts of this case are also akin to the Florida Supreme Court’s decision in Redondo v. State, 403 So.2d 954 (Fla.1981). In Redondo, the defendant was charged with aggravated battery and unlawful possession of a firearm while engaged in the commission of a felony. Id. at 955. The jury returned a verdict for the lesser-included offense of simple battery, but still found the defendant guilty of possession of a firearm during the commission of a felony. Id. The trial court granted a motion for arrest of judgment on the firearm charge, finding it inconsistent with the jury’s acquittal of the defendant of the underlying felony. Id. On appeal, the district court reversed the trial court’s order, “reasoning that although technically inconsistent with the jury’s verdict on the underlying felony charge, the guilty verdict for possession of a firearm during the commission of a felony was within the power of the jury to return.” Id. The Florida Supreme Court reversed and reinstated the trial court’s order arresting the judgment on the firearm charge. Id. at 956. The supreme court concluded that the verdicts *895 were inconsistent, because the jury found the defendant guilty of simple battery, a misdemeanor. The jury, in effect, acquitted the defendant of the felonies of aggravated battery and attempted aggravated battery, and the existence of a felony or an attempted felony was an essential element of the crime of unlawful possession of a firearm during the commission of a felony. Id.; see also Mahaun v. State, 377 So.2d 1158 (Fla.1979) (holding that reversal of conviction for felony murder was required where jury failed to find the defendant guilty of the underlying felony, as essential element of the felony murder offense). Here, the jury, in response to an interrogatory, negated an essential element of aggravated assault by finding that Appellant did not possess a firearm.
The State postulates that the jury was aware of the 10-20-Life statute and that the use of a firearm carried mandatory penalties, therefore, the jury was exercising its leniency power in finding that Appellant did not possess a firearm during the aggravated assault. This argument, however, does not address the fact that the jury’s finding that Appellant did not possess a firearm during the aggravated assault negates the essential element that elevates simple assault to aggravated assault. In essence, the jury spared Appellant from exposure to any mandatory sentence and a conviction of aggravated assault.
This case is also distinguishable from our prior opinion in Naumowicz v. State, 562 So.2d 710 (Fla. 1st DCA 1990), cited by the State for support. In Naumowicz, the defendant was charged with two counts of DUI manslaughter, resulting from the death of the passenger in the car which the defendant was driving and the death of the driver of the other vehicle involved in the fatal collision. Id. at 711. The jury found the defendant guilty of manslaughter in relation to the death of the passenger, but not guilty in the death of the other driver. Id. This court noted that the general rule was that inconsistent verdicts were permitted, noting that “[t]he only exception to the proposition that separate counts must be viewed independently is limited to instances where what the jury fails to find in one count vitiates a guilty verdict on a separate count to the benefit of the defendant.” Id. at 713 (emphasis in original) (citing Streeter v. State, 416 So.2d 1203, 1206 n. 3 (Fla. 3d DCA 1982)). This court acknowledged that jury’s power of lenity and quoted Damon v. State, 397 So.2d 1224, 1228 n. 10 (Fla. 3d DCA 1981), which held, “If the jury decides upon a partial ‘pardon’ and returns a verdict of guilty on one count and not guilty on another, it is certainly unwise to have a procedure which requires the judge to enter verdicts of acquittal on both counts if the verdict is found to be inconsistent.” Id. This court concluded that the jury’s acquittal as to the death of the other driver may not have been a finding that his conduct was the sole cause of the accident, as there was evidence that both the defendant and the other driver operated their vehicles in a manner which contributed to the fatal accident, but could have been an exercise of the jury’s power to pardon the defendant regarding that death. Id.
Here, unlike Naumowicz, we are not presented with a situation where the jury, addressing two separate offenses, reached verdicts that are factually inconsistent. Instead, we are presented with a situation where finding Appellant guilty of aggravated assault with a deadly weapon cannot be reconciled with a specific finding that he did not possess a firearm, the only weapon alleged to be involved in the assault. See also Cunningham v. State, 647 So.2d 164 (Fla. 1st DCA 1994) (holding that jury’s failure to find the defendant guilty of possession of marijuana could not *896 be reconciled with a verdict of guilty of possession of marijuana with intent to purchase).
Accordingly, we reverse the trial court’s denial of Appellant’s motion for new trial, which, in the alternative to a new a trial, sought the reduction of his conviction for aggravated assault to simple assault. We remand to the trial court to reduce Appellant’s conviction from aggravated assault to simple assault and for resentencing. See § 924.34, Fla. Stat. (2012); State v. Sigler, 967 So.2d 835 (Fla.2007).
AFFIRMED in part, REVERSED in part, and REMANDED.
MARSTILLER and MAEAR, JJ., concur.