NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CARLOS SMITH,                          )
                                       )
          Appellant,                   )
                                       )
v.                                     )        Case No. 2D16-1197
                                       )
STATE OF FLORIDA,                      )
                                       )
                                       )
                                       )
          Appellee.                    )
_____)

Opinion filed May 3, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Pinellas
County; Philip J. Federico, Judge.

Carlos Smith, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


SILBERMAN, Judge.

          Carlos Smith appeals the order summarily denying his motion for

postconviction relief filed under Florida Rule of Criminal Procedure 3.850.  Mr. Smith

asserted two grounds for relief based on ineffective assistance of counsel.  We affirm

without comment the postconviction court's denial of ground one, but we reverse the postconviction court's denial of ground two and remand for further proceedings.

The State charged Mr. Smith with armed burglary with a dangerous weapon, to-wit: a firearm, and aggravated assault with a deadly weapon, to-wit: a firearm. The jury found Mr. Smith guilty as charged on both counts, but the jury also found, under those same counts, that Mr. Smith did not actually possess a firearm.

In ground two of his postconviction motion, Mr. Smith alleged that his trial counsel provided ineffective assistance by not filing any motions or objecting to the verdicts rendered by the jury. Mr. Smith argued, somewhat ineptly, that the only weapon alleged to have been used in either offense was a firearm and that the jury's findings that he did not possess a firearm negated its findings that he committed either armed burglary with a dangerous weapon or aggravated assault with a deadly weapon. Mr. Smith argued that had trial counsel filed the appropriate posttrial motion, the trial court would have been required to reduce the convictions to burglary of a dwelling and simple assault.

In summarily denying ground two of Mr. Smith's motion, the postconviction court interpreted Mr. Smith's claim as asserting that his trial counsel was ineffective for failing to object to the trial court's imposition of the firearm enhancement under section 775.087(1), Florida Statutes (2011), which would constitute an unlawful sentence given the jury's findings that he did not possess a firearm. The postconviction court denied this claim, finding that Mr. Smith's sentence was not enhanced under section 775.087.

The postconviction court alternatively interpreted Mr. Smith's claim as asserting that his trial counsel was ineffective for failing to file a motion for new trial.

The postconviction court denied this claim based on the fact that counsel did file a motion for new trial, arguing that the jury instructions for aggravated assault and armed burglary misled the jury.

However, the postconviction court did not address the actual argument made by Mr. Smith: that his trial counsel was ineffective for not challenging his convictions based on the jury's inconsistent findings. This is a facially sufficient claim for relief. See Proctor v. State, 205 So. 3d 784 (Fla. 2d DCA 2016) (holding that the jury's finding that the appellant did not possess a firearm negated the deadly weapon element of aggravated assault, resulting in a legally inconsistent verdict and remanding for the trial court to enter a judgment on the lesser included offense); Gerald v. State, 132 So. 3d 891 (Fla. 1st DCA 2014) (holding that the jury verdict of guilty of aggravated assault with a deadly weapon was truly inconsistent with the jury's specific finding that the appellant did not possess a firearm, the only weapon alleged to be involved in the assault).[1]

We remand this cause to the postconviction court to reconsider ground two of Smith's postconviction motion, on its merits, in light of Proctor and Gerald.

Affirmed in part, reversed in part, and remanded for further proceedings.

---

[1]We note that Proctor, 205 So. 3d at 785-86, and Gerald, 132 So. 3d at 892, are both direct appeals of judgments and sentences from convictions for aggravated assault with a deadly weapon where the facts showed that the acts were perpetrated by lone defendants who could not have been convicted as principals under section 777.011, Florida Statutes (2011), for offenses involving the possession of a firearm by another. Because the limited record information before us does not establish whether Mr. Smith could properly have been convicted as a principal without actual possession of a firearm, the postconviction court will need to consider this question in addressing his claim on remand.

CASANUEVA and SALARIO, JJ., Concur.