# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3244

_____

ROBERT JACOBY TURNER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

June 28, 2019

BILBREY, J.

Appellant challenges his convictions and sentences for one count of second degree murder and seven counts of attempted second degree murder claiming that the jury verdict was a true inconsistent verdict.[1]  *See Brown v. State*, 959 So. 2d 218 (Fla. 2007) (explaining that a true inconsistent verdict occurs where the finding of not guilty on one count negates an element

---

[1] Appellant was also convicted and sentenced for one count of possession of a firearm by a convicted felon based on his possession of a firearm at the time he was arrested for the other offenses.  That conviction and sentence are not challenged on appeal.  Appellant was also found not guilty of other offenses which we do not address here.

necessary for conviction on another count). We hold that although the jury verdict was factually inconsistent, it does not amount to a true inconsistent verdict and therefore affirm.

Appellant was charged with a drive-by shooting based on his firing multiple shots from a handgun out of the passenger window of an automobile at a group assembled outside a convenience store. As a result of the shooting Keshawn Rankin was killed, and another victim was injured. At trial, the driver of the automobile and the other two passengers all testified that Appellant fired at the group from the automobile. Appellant's defense was that one of the other passengers was responsible for the shooting. Other than testimony regarding Appellant firing the handgun, there was no testimony of Appellant committing any other "act imminently dangerous to another, and evincing a depraved mind" so as to support second degree murder or attempted second degree murder. *See* §§ 782.04(2) & 777.04, Fla. Stat. (2016). There was also no testimony to support Appellant's guilt as a principal to the crimes rather than the actual perpetrator, and the jury was not instructed that Appellant could be found guilty as a principal. *See* § 777.011, Fla. Stat. (2016).

The jury found the Appellant guilty of the second degree murder of Mr. Rankin and of attempted second degree murder of the seven other victims. The jury was given a detailed verdict form and asked to find on each of these counts whether Appellant discharged or possessed a firearm during the commission of the offenses. For the murder and the attempted murder counts the jury found that Appellant "did not actually possess a firearm during the commission of the offense."

After the jury returned the verdict, Appellant filed a motion for arrest of judgment and for a judgment of acquittal claiming a true inconsistent verdict. The trial court denied the motions. Appellant was sentenced to life imprisonment for the murder of Mr. Rankin and 30 years for each of the seven counts of attempted second degree murder to run concurrent to the murder count. On appeal, Appellant argues the trial court committed error by not granting the motions claiming a true inconsistent verdict.

Clearly the verdict was factually inconsistent because the jury had no evidence to support a finding of guilt against Appellant unless Appellant possessed and discharged a handgun at the assembled group. However, as the Florida Supreme Court has stated, a true inconsistent verdict requires more than just factual or logical inconsistency:

As a general rule, inconsistent jury verdicts are permitted in Florida. *Eaton v. State*, 438 So. 2d 822 (Fla. 1983); *Goodwin v. State*, 157 Fla. 751, 26 So. 2d 898 (1946); *Gonzalez v. State*, 440 So. 2d 514 (Fla. 4th DCA), *review dismissed*, 444 So. 2d 417 (Fla. 1983). Inconsistent verdicts are allowed because jury verdicts can be the result of lenity and therefore do not always speak to the guilt or innocence of the defendant. *See Eaton*, 438 So. 2d at 823. Moreover, defendants have adequate procedural and constitutional protections to ensure that their convictions are not erroneous, whereas the State does not have the benefit of any reciprocal protections. *Cf. Potts v. State*, 430 So. 2d 900 (Fla. 1982) (relied on similar reasoning to hold that defendant tried separately from co-conspirator is not entitled to raise conviction of co-conspirator for a lesser offense as a bar to defendant's conviction for a greater offense).

This Court has recognized only one exception to the general rule allowing inconsistent verdicts. This exception, referred to as the "true" inconsistent verdict exception, comes into play when verdicts against one defendant on legally interlocking charges are truly inconsistent. As Justice Anstead explained when writing for the Fourth District Court of Appeal in *Gonzalez*, true inconsistent verdicts are "those in which an acquittal on one count negates a necessary element for conviction on another count." 440 So. 2d at 515. For example, this Court has required consistent verdicts when

the underlying felony was a part of the crime charged—without the underlying felony the charge could not stand. The jury is, in all

3

> cases, required to return consistent verdicts as to the guilt of an individual on interlocking charges.
>
> *Eaton*, 438 So. 2d at 823; *see Mahaun v. State*, 377 So. 2d 1158 (Fla. 1979) (verdict of guilty as to felony-murder set aside where jury failed to find defendant guilty of the underlying felony); *Redondo v. State*, 403 So. 2d 954 (Fla. 1981) (defendant could not be convicted of unlawful possession of a firearm during a commission of felony where the jury failed to find the defendant guilty of any felony). An exception to the general rule is warranted when the verdicts against a single defendant are truly inconsistent because the possibility of a wrongful conviction in such cases outweighs the rationale for allowing verdicts to stand.

*State v. Powell*, 674 So. 2d 731, 732-33 (Fla. 1996); *see also Brown*, 959 So. 2d at 220-21 (holding that a true inconsistent verdict occurred where a defendant was convicted of felony murder along with the lesser included offense of petit theft instead of the charged offense of armed robbery; misdemeanor petit theft conviction meant that the "engaged in the perpetration of a felony" element of felony murder was lacking).

We agree that the trial court here was correct to find that the verdict was not truly inconsistent in denying the motion for arrest of judgment and the motion for a judgment of acquittal. The second degree murder and attempted second degree murder counts here are not legally interlocking with another count. Second degree murder and attempted second degree murder do not include possession or discharge of a firearm as an element of the crimes. *See* §§ 782.04(2) & 777.04(1), Fla. Stat. Instead, possession or discharge of a firearm while committing or attempting to commit certain felonies including second degree murder results in certain mandatory sentences under section 775.087, Florida Statutes (2016), the 10-20-Life statute.[2]

---

[2] The amended information did allege that Appellant killed Mr. Rankin "by shooting the said Keyshawn Rankin." The amended information also alleged the attempted murders were

4

Although logically under the facts presented to the jury there was no way Appellant could have committed the murder and attempted murder without possessing and discharging a firearm that does not make the verdict truly inconsistent.

Appellant argues that our case *Gerald v. State*, 132 So. 3d 891 (Fla. 1st DCA 2014), supports his conviction that the jury here returned a true inconsistent verdict, but we find *Gerald* to be distinguishable. In *Gerald*, the defendant was charged with aggravated assault. *Id.* at 892. Although aggravated assault, as defined by section 784.021(1), Florida Statutes, can be committed either (a) "[w]ith a deadly weapon without intent to kill; or (b) "[w]ith intent to commit a felony," in *Gerald* the jury had evidence of and was only instructed of (a). *Gerald*, 132 So. 3d 893-94. Therefore, when the jury returned a guilty verdict as to aggravated assault by Gerald but also found that he did not possess a firearm when he committed the aggravated assault, the jury there returned a true inconsistent verdict. *Id.* at 894. In *Gerald*, a necessary element of aggravated assault under section 784.021(1)(a) was negated by the jury finding that he did not possess a firearm; whereas in every murder or attempted murder charge in Florida, a firearm is never a necessary element of the offense.

We find *State v. Carswell*, 914 So. 2d 9 (Fla. 4th DCA 2005), argued by the State below in opposing the motions, to be persuasive. There, Carswell was charged with attempted second degree murder for allegedly shooting the victim during a "drug

committed by shooting or shooting at the other victims. The amended information also made other allegations sufficient to seek enhancement of the potential sentence under section 775.087(2), Florida Statutes (2016). *See Arnett v. State*, 128 So. 3d 87, 88 (Fla. 1st DCA 2013) ("In order to enhance a defendant's sentence under section 775.087(2), the grounds for enhancement must be clearly charged in the information."). We believe that any mention of shooting or firearm in the amended information is in reference to potential sentence enhancement and not the State gratuitously adding an additional element to the crimes not otherwise required by statute.

deal gone bad." *Id.* at 10. The jury returned a verdict finding Carswell guilty of the lesser offense of aggravated battery "but inexplicably determined that Carswell did not possess a firearm." *Id.* at 11. Like here, the jury verdict in *Carswell* was factually inconsistent because there was no way the victim could have been shot if Carswell did not use a firearm. But that did not make the verdict truly inconsistent since the necessary elements to prove aggravated battery do not require use of a firearm. *Id.* at 12 (citing § 784.045, Fla. Stat. (2002)). *See also State v. McGhee*, 174 So. 3d 470 (Fla. 1st DCA 2015) (holding that jury verdict finding that defendant did not possess a firearm did not negate element of aggravated assault with a deadly weapon where the nature of the weapon was in dispute). The court in *Carswell* concluded, as we conclude here, that "the jury lawfully exercised its right to grant a jury pardon" in finding him guilty of the offense but rejecting findings to support a 10-20-Life sentence. *Id.* at 10.

AFFIRMED.

WETHERELL and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Andy Thomas, Public Defender, and Victor Holder, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.