DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID KENNETH BOTT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2803

[November 4, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Daliah H. Weiss, Judge; L.T. Case No. 17CF003262AMB.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant, David Kenneth Bott, shot the victim during an alleged robbery of the victim's apartment. Following a jury trial, appellant was convicted of aggravated assault with a deadly weapon, aggravated battery with a deadly weapon, and grand theft. On appeal, he contends that the trial court erred in denying his motion for judgment of acquittal on the aggravated assault and aggravated battery charges because the jury made the factual finding that he did not possess or discharge a firearm in the commission of the offense. For the reasons set forth below, we agree with appellant and reverse these convictions in part. We affirm on all other issues without comment.

Appellant and the victim provided the jury with widely varying accounts of the events leading to the charges at issue. According to the victim, both he and appellant went to the victim's apartment, but he denied inviting appellant. There, the victim claimed that appellant struck him with a pistol, shoved him into his bedroom and tried to rob him. When the victim told appellant that his valuables were in his SUV, appellant allegedly shot him in the groin. A struggle for the gun ensued

and appellant shot the victim a second time. The victim then said that when he tried to run away, appellant caught him, dragged him back to the bedroom, and shot him a third time. Thereafter, appellant went through the victim's pockets, stole his cash and keys, and drove away in the victim's vehicle.

In contrast, appellant said he went to the victim's apartment to buy drugs. On arrival, appellant said it appeared that the victim was high from using Xanax because he flew into a manic rage, knocked things over, and pulled out clothes from his bedroom. An argument ensued, and appellant claimed the victim pulled out his pistol, waving it around. At one point, the victim poked appellant's chest with the pistol as he yelled and cocked the gun. Appellant said he tried to disarm the victim by grabbing his wrist and pointing the gun downwards while punching him with his other hand. Though the gun discharged during the fracas, appellant said he did not think the victim was hit because the victim did not react. While the struggle continued with both appellant's and the victim's hands on the gun, appellant said it discharged twice before he managed to twist it out of the victim's hands. Appellant said he grabbed the pistol and bullets and punched the victim a few times as he fled the apartment. Having no transportation, he got into the victim's SUV and drove off.

Appellant was charged with burglary with a firearm (count I), attempted robbery with a firearm (count II), attempted first degree murder with a firearm (count III), and grand theft of a motor vehicle (count IV). The jury found appellant not guilty of the burglary charge but guilty of the lesser-included offenses of aggravated assault in count II and aggravated battery in count III, and guilty of grand theft as charged in count IV. The jury also made the factual finding that appellant did not have possession of a firearm or discharge a firearm.

Appellant then moved for judgment of acquittal on the aggravated assault and aggravated battery charges, arguing the verdict was inconsistent because the jury found that he was not in actual possession of a firearm. The trial court denied the motion, adjudicated appellant guilty, and sentenced him to fifteen years in prison as a prison release reoffender for aggravated battery and a consecutive five years in prison for aggravated assault and grand theft. This appeal followed.

"An inconsistent verdict[] claim presents a pure question of law and is reviewed de novo." *Zelaya v. State*, 257 So. 3d 493, 496 (Fla. 4th DCA 2018) (quoting *Brown v. State*, 959 So. 2d 218, 220 (Fla. 2007)). Inconsistent jury verdicts are legally sustainable because they "can be

the result of lenity and therefore do not always speak to the guilt or innocence of the defendant." *State v. Powell*, 674 So. 2d 731, 733 (Fla. 1996). "A limited exception exists, however, where there is a true inconsistent verdict on legally interlocking charges." *Dial v. State*, 922 So. 2d 1018, 1020 (Fla. 4th DCA 2006). "[T]rue inconsistent verdicts are 'those in which an acquittal on one count negates a necessary element for conviction on another count.'" *Powell*, 674 So. 2d at 733 (quoting *Gonzalez v. State*, 440 So. 2d 514, 515 (Fla. 4th DCA 1983)).

"[A]ggravated battery . . . can be committed in any of three ways: (1) intentionally or knowingly causing great bodily harm, permanent disability, or permanent disfigurement; or (2) using a deadly weapon; or (3) committing a battery on a victim who is known to be pregnant." *Zelaya*, 257 So. 3d at 496. When a defendant is charged with aggravated battery with a deadly weapon, it is truly inconsistent for the jury to find the defendant guilty but also find that he did not use a deadly weapon. *See Waits v. State*, 795 So. 2d 237, 239 (Fla. 5th DCA 2001), *quashed on other grounds*, 848 So. 2d 1030 (Fla. 2003).

Likewise, "aggravated assault can only be established if an assault was committed with a deadly weapon or with an intent to commit a felony." *Gerald v. State*, 132 So. 3d 891, 894 (Fla. 1st DCA 2014). Where the jury is only instructed on aggravated assault with a deadly weapon, they cannot independently conclude the defendant's intent to commit a felony supported the conviction. *See Proctor v. State*, 205 So. 3d 784, 787 (Fla. 2d DCA 2016) ("[T]he jury could not have found that [appellant] committed the assault with intent to commit a felony because the jury was not instructed on that type of aggravated assault."); *Gerald*, 132 So. 3d at 894.

Thus, "a jury's finding that a defendant did not possess a firearm but at the same time used a firearm or deadly weapon is legally inconsistent when the possession or use is a necessary element of the crime." *Zelaya*, 257 So. 3d at 496. The law, however, recognizes that a finding that the weapon was discharged is not needed to support a conviction for the "use" of the weapon. *See Altieri v. State*, 835 So. 2d 1181, 1183 (Fla. 4th DCA 2002). This court has previously commented on the meaning of "use" within the definition of aggravated battery:

> Because there is no limitation or requirement in the text of the statute as to the manner of use of a deadly weapon, the plain meaning is that if a deadly weapon is used in any manner the battery is aggravated. The refusal of the Legislature to limit the manner or method of use of the

3

deadly weapon does not make the statute ambiguous. On the contrary, it means instead that the drafters intended that it cover *all* uses.

*Severance v. State*, 972 So. 2d 931, 933–34 (Fla. 4th DCA 2007).

The State argues that under the circumstances of this case, we should affirm appellant's convictions for aggravated assault and aggravated battery with a deadly weapon because the jury could have found that he constructively possessed a firearm, thereby making the verdict not truly inconsistent. For example, under section 790.23, Florida Statutes (2018), the felon in possession statute, felons cannot "own or [] have in [their] care, custody, possession, or control any firearm." But "[a] jury can infer constructive possession [for a felon in possession charge] when the evidence shows a gun was in plain view or the defendant otherwise knew of its presence and had the ability to control it." *Birch v. State*, 248 So. 3d 1213, 1217 (Fla. 1st DCA 2018) (citing *Hunter v. State*, 914 So. 2d 985, 986 (Fla. 4th DCA 2005)). Our sister court also has upheld a jury's finding of aggravated battery through constructive possession when a third party, not the defendant, possessed a firearm. *See Lewis v. State*, 625 So. 2d 102, 103 (Fla. 1st DCA 1993).

However, the State's case, the charging document, the trial testimony, and the jury instructions proceeded only on the theory that appellant injured the victim using a firearm. *See Waits*, 795 So. 2d at 239. Although there were alternate ways to reach a conviction for aggravated assault and aggravated battery without using a weapon, such as intent to commit a felony (for aggravated assault) or intentionally causing great bodily harm (for aggravated battery), the jury could not reach these conclusions independently. *See Proctor*, 205 So. 3d at 787; *Gerald*, 132 So. 3d at 894. Based on the instructions the jury was given in this case, it was necessary for them to find that appellant was in actual possession of the firearm to convict him of aggravated assault and aggravated battery. *See Powell*, 674 So. 2d at 733. Specifically, the aggravated battery conviction required the jury to find that appellant used a firearm because it was the only form of aggravated battery on which they were instructed. *See Zelaya*, 257 So. 3d at 496; *cf. State v. Carswell*, 914 So. 2d 9, 12 (Fla. 4th DCA 2005) (a jury finding that the defendant did not possess a firearm did not negate the elements of aggravated battery when it was possible to reach the conviction through great bodily harm). A jury instruction on constructive possession was never provided to the jury at appellant's trial, and thus, that alternative theory proffered by the State cannot be applied to uphold the conviction.

4

We therefore reverse the convictions on count II and III and remand for the trial court to adjudicate appellant guilty of simple assault and battery. *See Carswell v. State*, 23 So. 3d 195, 198 (Fla. 4th DCA 2009). We affirm the appellant's conviction on grand theft.

*Affirmed in part, reversed in part and remanded with instructions.*

CIKLIN and CONNER, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***