EVANDER, J.
Appellant, Ronald Brown, was charged with felony murder and carjacking with a firearm. The jury returned a verdict of guilty on the lesser-included offense of manslaughter with a firearm and not guilty on the carjacking charge. Brown subsequently filed a motion for arrest of judgment, motion for judgment of acquittal, and motion for new trial. He contended, inter alia, that the manslaughter conviction was legally inconsistent with the carjacking acquittal and, therefore, the manslaughter conviction must be set aside. The trial court denied Brown’s motions. We affirm.
At trial, the State presented evidence that Chris Sampson, Herbert Manago, Jr., Adrian Nelson and Brown drove from Tampa to Daytona Beach for Black College Reunion. . During the evening, they pulled into a Burger King parking lot. A shiny, metallic blue Crown Victoria with Sponge Bob stickers pulled into the adjacent parking lot. The “Sponge Bob” vehicle was occupied by Ronald King, Donnell King, Amanda Johnson, and Mandy Gad-dis. The four men decided to steal the “Sponge Bob” car. The quickly formulated plan called for Manago, who had a gun, *990 to force the vehicle’s occupants out of the car and for Nelson to drive the “Sponge Bob” car away. Sampson was to drive the four men’s vehicle back to Tampa. Brown was present during the discussion, including that part of the discussion in which Manago stated that he had a gun.
Ronald King was away from the car when Nelson jumped into the driver’s seat. Amanda Johnson was sitting in the front passenger seat. Donnell King and Mandy Gaddis were in the backseat with Donnell King sitting directly behind the driver’s seat. The keys were in the ignition. As soon as Nelson got in the car, Donnell King began to struggle with Nelson from his position in the backseat. Nelson yelled at Amanda Johnson to get out of the car. Johnson refused. At this time, Brown, who had been observing the events through the front passenger window, opened the passenger door and pulled Johnson out of the car. Immediately after Brown pulled Johnson from the car, Mana-go fatally shot Donnell King. Brown and Manago fled. Nelson drove the car a short distance before jumping out of the car and attempting to flee as well. ' Brown later told police officers that he knew Man-ago had a gun because of the way Manago was “jacking” Donnell King.
Brown objected to the trial court instructing the jury on any lesser-included offenses. The trial court overruled these objections. As to the first degree felony murder count, the jury was instructed on the lesser-included offenses of second degree murder, manslaughter with a firearm, and manslaughter. As to the carjacking with firearm charge, the jury was instructed on the lesser-included offenses of carjacking and theft of a motor vehicle. Significantly, the jury was also given the “principal” instruction. The jury was advised that Brown would be a principal if he assisted another person or persons in committing a crime and if 1) he had a conscious intent that the criminal act be done, and 2) he did some act or said some word that was intended to, and did, incite, cause, encourage, assist or advise the other person or persons to actually commit the crime. Brown has not raised the propriety of the jury instructions as an issue on appeal.
Brown contends that a guilty verdict for manslaughter with a firearm as a lesser crime of first degree felony murder is legally inconsistent with an acquittal on the felony murder’s underlying charge, carjacking with a firearm. We disagree. As a general rule, inconsistent verdicts are permitted in Florida because jury verdicts can be the result of lenity and, therefore, do not always speak to the guilt or innocence of the defendant. State v. Connelly, 748 So.2d 248, 252 (Fla.1999). Inconsistent verdicts may arise from a jury’s exercise of its “inherent authority to acquit” even if the facts support a conviction. Id. at 253.
The Florida Supreme Court has recognized only one exception to the general rule allowing inconsistent verdicts: “This exception, referred to as the ‘true’ inconsistent verdict exception, comes into play when verdicts against one defendant on legally interlocking charges are truly inconsistent.” Fayson v. State, 698 So.2d 825, 827 (Fla.1997). The rationale for this exception is that the possibility of a wrongful conviction in such cases outweighs the rationale for allowing the verdicts to stand. State v. Powell, 674 So.2d 731, 733 (Fla.1996).
In the present case, there are no elements of manslaughter with a firearm that are negated by an acquittal on the carjacking charge. Thus, the crimes are not “legally interlocking.” The jury was instructed that Brown could be found guilty of manslaughter if Donnell King’s death was caused by Brown’s culpable negligence. § 782.07(1), Fla. Stat. (2004).
*991 Brown contends that any “culpable negligence” on his part would relate solely to his alleged involvement in the carjacking. Therefore, Brown argues, his acquittal on the carjacking charge would be legally inconsistent with a finding of the “culpable negligence” element of manslaughter. We find it unnecessary to address this issue. The evidence in this case would have been sufficient to support a second degree murder conviction against Brown even if the jury concluded that he had no intent to participate in the theft of the “Sponge Bob” car. Manago’s act of using a gun while “jacking” Donnell King certainly constituted “an act imminently dangerous to another and evincing a depraved mind regardless of human life.” § 782.04(2), Fla. Stat. (2004); see also State v. Bryan, 287 So.2d 73 (Fla.1973); Presley v. State, 499 So.2d 64 (Fla. 1st DCA 1986). To establish that Brown was a principal to the murder of Donnell King, the State was required to prove that he had the intent that the crime against Donnell King be committed and that he did some act to assist in the commission of the crime. Staten v. State, 519 So.2d 622 (Fla.1988). Here, Brown was aware that Manago had a gun and would use the gun in an attempt to remove passengers from the “Sponge Bob” vehicle. Brown assisted Manago by pulling Amanda Johnson out of the vehicle. This act also facilitated Manago’s efforts to remove Donnell King from the car by preventing Ms. Johnson from being in a position to possibly assist King. Thus, the evidence would have been sufficient to support a conviction against Brown for second degree murder.
Having sufficient evidence to convict Brown of second degree murder, the jury could then have permissibly exercised its “pardon” power by acquitting him of the greater offense of second degree murder and convicting him of the lesser offense of manslaughter with a firearm. See State v. Wimberly, 498 So.2d 929, 932 (Fla.1986); Legette v. State, 718 So.2d 878, 880 (Fla. 4th DCA 1998). Accordingly, Brown’s conviction for manslaughter with a firearm and his acquittal on the carjacking offense do not reflect true inconsistent verdicts.
We find the Florida Supreme Court’s recent decision in Brown v. State, 959 So.2d 218 (Fla.2007), does not require a different result. In Brown, the defendant was charged with armed robbery and first degree felony (robbery) murder in the shooting death of a participant in a drug deal whose wallet the defendant and two co-perpetrators were attempting to steal. The jury found the defendant guilty of petit theft as a lesser-included offense of the armed robbery charge and guilty of first degree felony murder. The defendant argued the verdicts were legally inconsistent. The supreme court agreed. The court found that a defendant’s conviction for felony murder and for. the lesser-included misdemeanor of the separately charged underlying felony were true inconsistent verdicts.
The Brown case is readily distinguishable because the jury, in that case, returned a guilty verdict for felony murder, thereby requiring a finding that the defendant was perpetrating or attempting to perpetrate one of the felonies ■ listed in section 782.04(l)(a), Fla. Stat. Unlike felony murder, a conviction for second degree murder or manslaughter does not require proof that the defendant was engaged in the perpetration of, or in the attempt to perpetrate, one of the enumerated felonies. The other'issue raised on appeal is without merit.
AFFIRMED.
ORFINGER and MONACO, JJ., concur.