PER CURIAM.
Appellant, a minor, appeals the trial court’s order finding him guilty of aggravated battery with a deadly weapon based on his stabbing the victim with a plastic fork. We reverse because the State presented insufficient evidence that the plastic fork, as used in the incident, constituted a deadly weapon.

Factual Background

Taking the evidence in the light most favorable to the trial court’s finding, Appellant verbally accosted the victim and then sat down at the table where the victim was eating breakfast. After the victim slid around the table to distance himself *464 from Appellant, Appellant rushed around the table and stabbed the victim with a plastic fork in the left rear of his neck, causing several scratches and an area of redness, but no bleeding. The victim did not require any medical treatment for his injuries, although the school nurse did put some ointment on his neck.
The State filed a petition for delinquency, charging Appellant with one count of aggravated battery and one count of aggravated assault.* The matter went to a bench trial. After the State rested, and again at the close of the evidence, Appellant conceded there was sufficient evidence that he committed a battery, but moved for a judgment of acquittal (JOA) on the charge of aggravated battery. The trial court denied both motions, and ultimately ruled:
Under the circumstances of the case, having considered all the evidence and read over the law, I do find that [Appellant] is guilty on the aggravated battery count. I know this fork, to me, it is a plastic fork but it is very sharp and very solid plastic. And I believe [Appellant] was lucky that he wasn’t two inches off on that. I do believe there was sufficient force that that could have punctured a very, very important part of [the victim’s] neck.
The court withheld adjudication and sentenced Appellant to probation. This appeal followed.

Analysis

“Because a motion for a[JOA] presents an issue of law, the trial court’s order on the motion is reviewed on appeal by the de novo standard of review.” Jones v. State, 790 So.2d 1194, 1197 (Fla. 1st DCA 2001) (en banc). “[I]n reviewing an order denying a motion for a judgment of acquittal the appellate court must consider the evidence and all reasonable inferences from the evidence in a light most favorable to the state.” Id. Here, the question is whether, under the circumstances, the plastic fork used by Appellant was a deadly weapon, supporting a charge of aggravated battery.
Section 784.045(l)(a), Florida Statutes, provides, “A person commits aggravated battery who, in committing battery ... [u]ses a deadly weapon.” Section 790.001(13) defines “weapon” as “any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife, plastic knife, or blunt-bladed table knife.” (Emphasis added.) Thus, forks, plastic or otherwise, are not explicitly defined as a weapon, nor are they explicitly omitted from the definition, as plastic knives are.
This court has recognized that [a] ‘deadly weapon,’ within the meaning of the aggravated battery statute, is '1) any instrument which, when used in the ordinary manner contemplated by its design and construction will or is likely to cause great bodily harm, or 2) any instrument likely to cause great bodily hami because of the way it is used during a crime.’ ” Smith v. State, 969 So.2d 452, 454-55 (Fla. 1st DCA 2007) (emphasis added) (quoting V.M.N. v. State, 909 So.2d 953, 954 (Fla. 4th DCA 2005)); see also Fla. Standard Jury Instr. 8.4 (providing that [a] weapon is a deadly weapon [if] it is used or threatened to be used in a way likely to produce death or great bodily harm.). “Whether a weapon is a deadly weapon is a question of fact that should be submitted to the [trier of *465 fact] ‘to be determined under all the circumstances, ... [including] the weapon and its capability for use.’ ” Smith, 969 So.2d at 455 (quoting E.J. v. State, 554 So.2d 578, 579 (Fla. 3d DCA 1989)).
In C.A.C. v. State, 771 So.2d 1261 (Fla. 2d DCA 2000), the defendant was convicted of aggravated battery for stabbing the victim two to three times in the back with a fork. The victim had scratches, swelling, and puncture marks on his back, but did not require any medical treatment for his injuries. Id. at 1262. On appeal, the Second District reversed the aggravated battery conviction and remanded with instructions to find the defendant guilty of battery and resentence him accordingly. Id. at 1262-63. The court reasoned that a fork is not likely to cause death or great bodily harm when used in the ordinary manner contemplated by its design and that there was no evidence that the fork, as used by the defendant, was likely to cause great bodily harm. Id.
Likewise, our review of the record in this case compels us to find that there was insufficient evidence to support a finding that the plastic fork used by Appellant was likely to cause great bodily harm. In reaching its conclusion, the trial court stated that it recognized the human neck’s “vulnerability,” and determined that the fork was “very sharp and very solid.” Based on these findings, the trial court concluded that “[Appellant] was lucky that he wasn’t two inches off’ because, had he been, he “could have punctured a very, very important part of [the victim’s] neck.” In doing so, the court incorrectly engaged in conjecture about what might have happened had Appellant stabbed the victim in a different part of the neck, without any evidence that this perceived potential for great bodily harm was likely based upon the actual circumstances of this case.
Moreover, in Smith, this court noted that “great bodily harm is ‘distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises as are likely to be inflicted in simple assault and battery.’ ” 969 So.2d at 455 (quoting C.A.C., 771 So.2d at 1262). Here, there was no evidence that the injury that likely would result from the way in which Appellant stabbed the victim with a plastic fork would be anything more serious than the victim’s actual injury— scratches and redness — which is the type of injury likely to ensue from a simple battery. This is not to say that under no circumstances can a plastic fork be used in such a way that it can be classified as a deadly weapon, only that those circumstances did not exist here.

Conclusion

For the foregoing reasons, this matter is REVERSED. Because there was sufficient evidence to support Appellant’s concession that he committed a simple battery, this cause is REMANDED with instructions to find Appellant guilty of battery and resentenced accordingly.
HAWKES, ROBERTS and WETHERELL, JJ., concur.

 The trial court found Appellant not guilty of aggravated assault; thus, that charge is not the subject of this appeal.