MORRIS, Judge.
 

 Nelson Gabriel Deleon appeals his judgments and sentences for carjacking with a deadly weapon and resisting an officer without violence. He raises three issues on appeal. He first challenges the trial court’s denial of his motion to suppress the victim’s out-of-court identification of him. We conclude, without further discussion, that the trial court properly denied his motion to suppress. However, as explained below, Deleon’s second and third arguments have merit, and we reverse his conviction and sentence for carjacking with a deadly weapon. We affirm his conviction and sentence for resisting an officer without violence.
 

 Deleon was charged with carjacking with a firearm, resisting an officer without violence, and possession of a firearm by a convicted felon. The trial on the last count was severed from the trial on the first two counts. After a trial, the jury returned a
 
 *393
 
 verdict of guilty for the offense of carjacking with a deadly weapon and resisting an officer without violence. Deleon was sentenced as a prison releasee reoffender (PRR) to life in prison on the carjacking count and to time served on the resisting count.
 

 In his second point on appeal, Deleon argues that the trial court erred in instructing the jury on the offense of carjacking with a deadly weapon because the specific offense of carjacking with a deadly weapon was not charged in the information. He contends that the information alleged only that he possessed a firearm during the offense and that the jury could not therefore find that he possessed a deadly weapon. In addition, he suggests that carjacking with a deadly weapon is not a lesser-included offense of carjacking with a firearm.
 

 The relevant statute provides as follows:
 

 (1) “Carjacking” means the taking of a motor vehicle which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the motor vehicle, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
 

 (2)(a) If in the course of committing the carjacking the offender carried a
 
 firearm or other deadly weapon,
 
 then the carjacking is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.
 

 (b) If in the course of committing the carjacking the offender carried no firearm, deadly weapon, or other weapon, then the carjacking is a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
 

 § 812.133, Fla. Stat. (2008) (emphasis added). Here, the information alleged that Deleon possessed a firearm during the offense, citing section 812.133, but the jury was instructed that it could find him guilty of carjacking with a deadly weapon as a lesser-included offense. At the charge conference, defense counsel objected to the jury’s being instructed on the offense of carjacking with a deadly weapon. The jury rejected the option of carjacking with a firearm and instead found that Deleon committed carjacking with a deadly weapon. After trial, Deleon filed a motion for new trial, arguing that the jury was improperly instructed on carjacking with a deadly weapon because the element of deadly weapon was not charged in the information and because it is not a lesser-included offense of carjacking with a firearm.
 

 “A defendant is entitled to have the charge against him proved substantially as alleged in the indictment or information and cannot be prosecuted for one offense and convicted and sentenced for another, though the offenses are of the same general character or carry the same penalty.”
 
 Zwick v. State,
 
 730 So.2d 759, 760 (Fla. 5th DCA 1999). “[W]here an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the indictment.”
 
 Long v. State,
 
 92 So.2d 259, 260 (Fla.1957).
 

 In
 
 Jaimes v. State,
 
 51 So.3d 445, 447 (Fla.2010), the defendant was charged with aggravated battery with a deadly weapon but the jury was instructed that it could also find him guilty on the theory of aggravated battery causing great bodily harm. He was found guilty of the uncharged theory of aggravated battery causing great bodily harm. Noting that “[i]t is a fundamental principle of due process that a defendant may not be convicted of a crime
 
 *394
 
 that has not been charged by the state,”
 
 id.
 
 at 448, the supreme court held that the improper jury instruction clearly had an effect on the jury’s verdict as evidenced by the jury’s special verdict form,
 
 id.
 
 at 451. The court recognized that ‘“one charged with a crime cannot be indicted for one offense and convicted or sentenced for another, even though the offenses are closely related and may be of [the] same general character,’ ”
 
 id.
 
 at 451 (alteration in original) (quoting
 
 Perkins v. Mayo,
 
 92 So.2d 641, 643 (Fla.1957)), and held that “[because Jaimes was convicted of an offense based on elements that were never charged,” fundamental error was committed,
 
 id.
 

 In
 
 Sanders v. State,
 
 959 So.2d 1232, 1234 (Fla. 2d DCA 2007), this court held that it was fundamental error for the court to instruct the jury on the great bodily harm, permanent disability, or permanent disfigurement theory of aggravated battery when the information only charged the deadly weapon theory of aggravated battery and the State’s evidence could have supported a verdict on the uncharged alternate theory of the offense.
 
 See also Brown v. State,
 
 41 So.3d 259, 261 (Fla. 4th DCA 2010) (holding that it was fundamental error to instruct the jury on an uncharged theory of the offense because it was possible, based on the State’s argument and the evidence presented, that the jury found the uncharged theory of the offense). In
 
 Zwick,
 
 730 So.2d at 760, the defendant was charged with lewd or indecent assaults by committing specific acts, but the jury instructions were much more expansive, referencing other ways in which the offenses could have been committed. The court reversed because the jury returned a general verdict, making it possible that the defendant was convicted of uncharged acts.
 
 Id.
 

 Based on the foregoing cases, the trial court committed fundamental error in instructing the jury on an offense — carjacking with a deadly weapon — that was not charged in the information.
 
 [1]
 
 The improper instruction clearly had an effect on the jury’s verdict as evidenced by the special verdict form finding him guilty of carjacking with a deadly weapon. Not only was the jury instructed on a theory of the offense that was not charged in the information, but the jury was instructed on a theory of the offense that was unsupported by the evidence; the victim testified that Deleon carried a gun, and there was no evidence that he carried any other weapon during the commission of the offense.
 

 We reject the State’s argument that because the information cited the applicable statute, section 812.133, Deleon was put on notice that he could be convicted of carjacking with deadly weapon.
 
 See generally DuBoise v. State,
 
 520 So.2d 260, 265 (Fla.1988) (“[T]he failure to include an essential element of a crime does not necessarily render an indictment so defective that it will not support a judgment of conviction when the indictment references a specific section of the criminal code which sufficiently details all the elements of the offense.”). Although the information cited section 812.133, it specifically included the element of a firearm while it
 
 *395
 
 specifically excluded the element of a deadly weapon. And the cases cited above make no exception for when the general criminal statute is cited in the information.
 

 We further conclude that the error was compounded when the jury was incorrectly instructed that carjacking with a deadly weapon is a lesser-included offense of carjacking with a firearm. An offense is a proper lesser-included offense if it meets the definition of a necessary or permissive lesser-included offense, even if it does not result in a lesser degree or penalty than the main charged offense.
 
 Sanders v. State,
 
 944 So.2d 203, 206-07 (Fla.2006);
 
 Carle v. State,
 
 983 So.2d 693, 695 (Fla. 1st DCA 2008) (“Lesser included offenses are determined based on the elements of the offenses, not on the penalties attached.”). Here, the offense of carjacking with a deadly weapon is not a lesser-included offense of carjacking with a firearm; it is an alternative way of committing an offense of the same general character, and it fails to meet the definition of a lesser-included offense.
 

 Carjacking with a deadly weapon is not a necessarily lesser-included offense because carjacking with a deadly weapon is not always subsumed within the charged offense of carjacking with a firearm.
 
 See State v. Paul,
 
 934 So.2d 1167, 1175 (Fla.2006) (holding that necessarily lesser-included offenses are those “‘in which the elements of the lesser offense are always subsumed within the greater, without regard to the charging document or evidence at trial’ ” (emphasis omitted) (quoting
 
 State v. Florida,
 
 894 So.2d 941, 947 (Fla. 2005))),
 
 receded from on other grounds by Valdes v. State,
 
 3 So.3d 1067 (Fla.2009). A permissive lesser-included exists when “on the face of the statutes, the two offenses appear to be separate[] but the facts alleged in the accusatory pleadings are such that the lesser offense cannot help but be perpetrated once the greater offense has been.”
 
 State v. Weller,
 
 590 So.2d 923, 925 n. 2 (Fla.1991). Carjacking with a deadly weapon is not a permissive lesser-included offense of carjacking with a firearm because the two offenses do not appear separate on the face of the statutes and, as discussed above, the accusatory pleading in this case does not allege the facts necessary for carjacking with a deadly weapon.
 

 The error is clear in this case. The jury found that Deleon did not possess a firearm and decided to convict him of the next lesser offense, but the next lesser offense listed on the verdict form was erroneously included on the verdict form. We reverse Deleon’s conviction and sentence for carjacking with a deadly weapon and remand for the trial court to enter a judgment and sentence for carjacking, which was properly alleged in the information and proved by the State.
 
 See Jaimes,
 
 51 So.3d at 452 (reversing and remanding with directions for the trial court to enter a judgment for the lesser-included offense of simple battery because the elements of simple battery were charged and proven at trial).
 

 In his third point on appeal, Deleon argues that his written sentence for carjacking with a deadly weapon fails to comport with the oral pronouncement of sentence because he was orally sentenced as a PRR to life in prison but the written sentence reflects a minimum mandatory term of life for the use of a firearm.
 
 See Ashley v. State,
 
 850 So.2d 1265 (Fla.2003). He preserved this issue in a motion to correct sentencing error, which was not ruled upon by the trial court and is therefore deemed denied.
 
 See
 
 Fla. R. Crim. P. 3.800(b)(1)(B). The State concedes the error, and the error is clear from the record. But the reversal of Deleon’s conviction and sentence for carjacking with a deadly weapon renders this issue moot. On remand, the trial court shall enter a convic
 
 *396
 
 tion for carjacking and ensure that the new written sentence does not reflect a minimum mandatory term for use of firearm, which was not found by the jury.
 

 Affirmed in part; reversed in part; remanded.
 

 SILBERMAN, C.J., and BLACK, J., Concur.
 

 [1]
 

 . Even though defense counsel raised this same legal argument in his motion for new trial, it was not asserted as a legal ground when defense counsel contemporaneously objected to the instruction at the charge conference.
 
 See F.B. v. State,
 
 852 So.2d 226, 229 (Fla.2003) ("In general, to raise a claimed error on appeal, a litigant must object at trial when the alleged error occurs. ‘Furthermore, in order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.' ” (citation omitted) (quoting
 
 Steinhorst v. State,
 
 412 So.2d 332, 338 (Fla.1982))).