PER CURIAM.
Branden Starling appeals his conviction for robbery with a weapon on the basis of a'legally inconsistent guilty verdict. We agree and conclude that his conviction must be reduced to simple robbery.
There is little question that the jury’s verdict in this case was inconsistent on its face. The jury found Appellant guilty of robbery with a firearm, but made a separate finding that Appellant did not “actually possess a firearm” during the commission of the offense. Recognizing the verdict’s inconsistency, the trial court reduced Appellant’s conviction to the lesser included offense of robbery with a weapon. This inclination to reduce the offense was correct. The problem is, however, that the only weapon referenced in the record as being involved in the crime was the firearm allegedly wielded by Appellant, which the jury affirmatively concluded Appellant did not possess. We cannot reconcile Appellant’s reduced conviction for robbery with a weapon with the jury’s specific finding that he did not possess the only weapon referenced in the record.
Circumstances like this one raise a “true” inconsistent verdict which may not be excused under the general rule permitting inconsistent verdicts. See Gerald v. State, 132 So.3d 891 (Fla. 1st DCA 2014); Nettles v. State, 112 So.3d 782 (Fla. 1st DCA 2013). Thus, we remand this case to *869 the trial court to reduce Appellant’s conviction from robbery with a weapon to simple robbery and for resentencing.
REVERSED and REMANDED.
WOLF, ROWE, and OSTERHAUS, JJ., concur.