PER CURIAM.
The State asserts that the trial court erred in granting Appellee Jalonie McGhee’s Motion for Arrest of Judgment and to Dismiss based on an inconsistent verdict and this Court’s opinion in Gerald v. State, 132 So.3d 891 (Fla. 1st DCA 2014). Because the verdict is not inconsistent and Gerald is distinguishable, we reverse and remand with instructions to reinstate the jury’s verdict and proceed with sentencing.
Mr. McGhee was charged by information with aggravated assault, among other things, arising from an altercation in which he allegedly threatened the victim with an old, black gun, or something black resembling a gun. The jury found Mr. McGhee guilty of aggravated assault. In the special verdict form, however, the jury also found that Mr. McGhee did not actually possess a firearm when committing the offense. Based on the jury’s verdict, the defense filed a motion for arrest of judgment and to dismiss the charge, requesting a reduction to simple assault. The trial court granted the motion, which it considered “required by the binding legal precedent of [Gerald ],” reduced the conviction, and sentenced Appellee to the maximum allowable punishment of sixty days in jail. The State appealed.
“An inconsistent verdicts claim presents a pure question of law arid is reviewed de novo.” Gerald, 132 So.3d at 892 (quoting Brown v. State, 959 So.2d 218, 220 (Fla.2007)). In Gerald, as here, the jury convicted the defendant of aggravated assault with a deadly weapon and made a special finding that the defendant did not actually possess a firearm. The trial court denied Mr. Gerald’s motion for new trial, but on appeal this court reversed because it found a true inconsistency between the guilty verdict and the special finding because the only weapon in the case was a firearm. “[W]e are left with the jury’s finding, beyond a reasonable doubt, that Appellant did not actually possess the firearm during the aggravated assault, which negates the critical element that elevates simple assault to aggravated assault. This is a true inconsistent verdict. ...” Id. at 894. See also Starling v. State, 152 So.3d 868 (Fla. 1st DCA 2014).
Similar to Gerald, the issue in this case is whether the jury’s special finding regarding the presence of a firearm negated the element of aggravated assault requiring a deadly weapon. See § 784.021(l)(a), Fla. Stat. (2014) (defining aggravated assault as an assault “[w]ith a deadly weapon without intent to kill”). Here, unlike Gerald, there was a dispute at trial regarding the nature of the deadly weapon involved. For statutory purposes, *472 a “deadly weapon” needn’t be a firearm; it is simply an object used or threatened to be used in a way likely to produce death or great bodily harm. See J.L. v. State, 60 So.3d 462, 464 (Fla. 1st DCA 2011). And in this case, defense counsel openly questioned the victim’s testimony about seeing a firearm as opposed to some other object:
What you have is the word of a man says that looked like a gun, and by the way, when this person is standing 20 feet away from me, I can see that it’s an old gun with scratches and imperfections in the barrel. But even more incredibly, it sounded like a gun when I opened the door and it dropped, not into my van but outside.
(Emphasis added). He also questioned the physical capacity of the witness to have identified a firearm: .
[The victim] told you several times that obviously these were stressful situations for him that he’s alleging, that his diabetes, his high blood pressure acts up, and at times, he says he loses it. I tried to explore that with him and ask him, what do you mean by losing it? Do you mean vision problems? He denied that. Do you mean memory problems? He denied that.
The State’s closing argument further acknowledged a dispute over the nature of the weapon, as to whether it was a firearm or something else:
And in this case, once again, ladies and gentlemen, you brought in your common sense, and this defendant threatened to use whatever he had in his hand. And once again, the State is alleging — the State submits to you that based on the victim’s testimony, it was a real firearm. But no matter what it was, he was certainly using it in a way to threaten to make it look like a real firearm.
(Emphasis added). The case before the jury in this case was therefore different from Gerald, because of the disputed nature of the weapon involved.
A second reason Gerald doesn’t control in this case is because the trial court here instructed the jury on both aggravated assault and the lesser included offense of simple assault. The jury in Gerald wasn’t presented both of these options. Given the options here, the jury convicted Mr. McGhee of aggravated assault, the primary offense, but additionally found that “the Defendant did not actually possess a firearm during the commission of [the aggravated assault].” There is nothing inconsistent about the jury’s verdict. Apparently, it determined that the firearm-looking weapon used by Mr. McGhee to commit the offense was not actually a firearm, a finding well within the scope of the parties’ arguments about the disputed weapon.
REVERSED and REMANDED with instructions to reinstate the jury’s verdict and proceed with sentencing.
ROBERTS, C.J., WETHERELL and OSTERHAUS, JJ„ concur.