# Supreme Court of Florida

_____

No. SC16-1738
_____

**DARRYL LEWIS DAVIS,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.


_____

No. SC16-1739
_____

**DARRYL LEWIS DAVIS,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[February 1, 2018]

LAWSON, J.

In the decisions on review involving two separate robberies committed by

the same defendant, the Fifth District Court of Appeal ordered the trial court to

reduce Darryl Lewis Davis's convictions of robbery with a deadly weapon to

robbery with a weapon after explaining that Davis's juries found that he did not possess the only weapon alleged in the information—a firearm—and that no evidence was presented that Davis used any weapon other than a firearm.  Davis v. State, 197 So. 3d 615, 615 (Fla. 5th DCA 2016) (No. 5D15-2507); Davis v. State, 197 So. 3d 615, 616 (Fla. 5th DCA 2016) (No. 5D15-509).  We accepted jurisdiction because the Fifth District's decisions expressly and directly conflict with the First District Court of Appeal's decision in Starling v. State, 152 So. 3d 868 (Fla. 1st DCA 2014), and the Second District Court of Appeal's decision in Deleon v. State, 66 So. 3d 391 (Fla. 2d DCA 2011), where, on similar facts, the district courts ordered the trial courts to reduce the defendants' convictions to simple robbery and simple carjacking, respectively.  See art. V, § 3(b)(3), Fla. Const.  We write briefly to explain why the records in Davis's cases resolve the apparent conflict and why the Fifth District reached the correct result on the merits.

The records in Davis's cases contradict the Fifth District's statement that there was no evidence Davis used "any weapon other than a firearm."  Davis, 197 So. 3d at 615.  To the contrary, in both of Davis's trials for two separate robberies, evidence was presented that the object Davis used to commit the crime was either a firearm or a BB gun replica of a firearm.  The absence of a similar dispute in Starling or Deleon distinguishes those cases.  See Starling, 152 So. 3d at 868 ("[T]he only weapon referenced in the record as being involved in the crime was

- 2 -

the firearm allegedly wielded by Appellant, which the jury affirmatively concluded Appellant did not possess."); <u>Deleon</u>, 66 So. 3d at 394 ("[T]he victim testified that Deleon carried a gun, and there was no evidence that he carried any other weapon during the commission of the offense.").

In addition to resolving the apparent conflict with <u>Starling</u> and <u>Deleon</u>, the records establish that the Fifth District correctly directed the trial court to reduce Davis's convictions from robbery with a deadly weapon to robbery with a weapon. In both of Davis's cases, the State charged Davis with robbery with a firearm in violation of section 812.13(2)(a), Florida Statutes (2001); it did not charge him with robbery with a deadly weapon. Moreover, robbery with a deadly weapon is not a lesser-included offense of robbery with a firearm, although the trial court wrongly instructed on it as such. <u>See</u> <u>Davis</u>, 197 So. 3d at 615 ("[I]t was error to list robbery with a deadly weapon as a lesser-included offense on the verdict forms in [Davis's] cases."); <u>cf.</u> <u>Deleon</u>, 66 So. 3d at 395 (holding that carjacking with a deadly weapon is neither a necessary nor permissive lesser-included offense of carjacking with a firearm). Rather, robbery with a weapon, on which Davis's juries were also instructed, is the next immediate lesser-included offense of robbery with a firearm. <u>See</u> <u>Reddick v. State</u>, 394 So. 2d 417, 417-18 (Fla. 1981); <u>see also</u> Fla. Std. Jury Instr. (Crim.) 15.1 Robbery.

Thus, while Davis's convictions for the uncharged offense of robbery with a deadly weapon cannot stand, see Jaimes v. State, 51 So. 3d 448, 448 (Fla. 2010) ("It is a fundamental principle of due process that a defendant may not be convicted of a crime that has not been charged by the state."), the evidence that the object Davis used in the robberies was, if not a firearm, a BB gun replica of a firearm—which Davis's juries clearly found to be a weapon—is sufficient to sustain convictions for robbery with a weapon. See Fla. Std. Jury Instr. (Crim) 15.1 Robbery (defining "weapon" as "any object that could be used to cause death or inflict serious bodily harm"); see also Dale v. State, 703 So. 2d 1045, 1046-47 (Fla. 1997) (concluding that the definitions in the standard jury instructions on robbery are "a correct statement of the law" and recognizing that a BB or pellet gun may be a deadly weapon). Accordingly, the Fifth District correctly ordered the trial court to reduce Davis's convictions to robbery with a weapon. Cf. § 924.34, Fla. Stat. (2017) (allowing an appellate court to direct a judgment for a lesser-included offense that is established by the record where the evidence does not sustain the offense for which the defendant was found guilty); State v. Sigler, 967 So. 2d 835, 844 (Fla. 2007) ("[W]hen all of the elements of a lesser offense have been determined by the jury, section 924.34 is a valid exercise of the legislative prerogative allowing appellate courts to direct a judgment for such an offense.").

Therefore, we approve the result of the Fifth District's decisions.

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, CANADY, and POLSTON, JJ., concur.
LEWIS, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Fifth District - Case No. 5D15-2507 and 5D15-2509

(Orange County)

Rocco J. Carbone, III of The Law Office of Rocco J. Carbone, III, PLLC, St. Augustine, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, Wesley Heidt, Bureau Chief, and Andrea K. Totten, Assistant Attorney General, Daytona Beach, Florida,

for Respondent