DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CALVIN SCOTT MCDONALD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3323

[February 13, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 502015CF005205AXX.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Calvin McDonald appeals his conviction and sentence for one count of robbery with a deadly weapon and one count of attempted robbery with a deadly weapon. Because Appellant stands convicted of crimes for which he was not charged, we reverse.

Appellant was accused of robbing one individual and attempting to rob another individual in a store parking lot while brandishing the barrel of a firearm. Shortly after fleeing from the scene, Appellant was apprehended by police and identified as the perpetrator by one of the victims. The firearm allegedly used during the commission of the crimes was never retrieved. Based on the information provided by the victims, the State charged Appellant with one count of robbery with a firearm and one count of attempted robbery with a firearm contrary to section 775.087(2)(a)1., Florida Statutes. The State did not charge Appellant with robbery or attempted robbery with a deadly weapon.

The matter ultimately proceeded to a jury trial. At trial, one of Appellant's theories of defense was that he did not possess or use a real firearm during the alleged robbery and attempted robbery and that what the victims observed was a BB gun. To dispel this defense, the State presented the testimony of both victims which established the following.

On the night of the incident, the victims were approached by Appellant in the parking lot of a Walmart. After engaging in conversation, Appellant leaned against the victims' vehicle, placed his hand underneath his shirt, mumbled "do you see what's in my hand," and demanded cash. When both victims looked down towards Appellant's hand, they saw the barrel of a black firearm. The remainder of the firearm was hidden underneath Appellant's shirt. Both victims testified that the object Appellant was holding appeared to be a real firearm. Specifically, one of the victims testified that she was somewhat familiar with firearms and that the object in Appellant's hand was not a BB gun as it did not have a red tip. The other victim testified that he was very familiar with firearms and that he automatically recognized the object in Appellant's hand as being a black automatic or semi-automatic hand gun.

During the charge conference, the parties agreed that the jury instructions and verdict form would include the following interrogatories for sentencing enhancement purposes[1]:

> If you find the defendant guilty of the crime of robbery [or attempted robbery], you must further determine beyond a reasonable doubt if "in the course of committing the robbery [or attempted robbery]" the defendant:
>
> 1. carried some kind of weapon;
> 2. carried a deadly weapon;
> 3. carried a firearm; and/or
> 4. actually possessed a firearm.

The jury ultimately found Appellant guilty of robbery and attempted robbery, however selected "no" to the questions of whether Appellant carried or actually possessed a firearm in the course of committing the offenses and "yes" to the question of whether Appellant carried a deadly weapon in the course of committing the offenses. Consistent with the jury's verdict, the court entered a judgment of guilt adjudicating Appellant guilty of one count of robbery with a deadly weapon, a first degree felony

---

[1]  The State initially sought imposition of an enhanced sentence under section 775.087, Florida's 10-20-Life statute.

punishable by life, and one count of attempted robbery with a deadly weapon, a second degree felony. Appellant did not object to, or otherwise challenge, the judgment of guilt.

At the ensuing sentencing hearing, the trial court found that Appellant qualified as a prison releasee reoffender ("PRR"). As required under section 775.082(9)(a)3., Florida Statutes, the court sentenced Appellant to life in prison on the robbery with a deadly weapon conviction and fifteen years in prison on the attempted robbery with a deadly weapon conviction to run concurrent with the life sentence.

On appeal, Appellant argues that his convictions for the uncharged offenses of robbery with a deadly weapon and attempted robbery with a deadly weapon constitute fundamental error and must be reduced to robbery and attempted robbery with a weapon. We agree.

It is well established that "[d]ue process prohibits an individual from being convicted of an uncharged crime" and that "[v]iolation of this prohibition constitutes fundamental error." *Morgan v. State*, 146 So. 3d 508, 512 (Fla. 5th DCA 2014); *see also Falstreau v. State*, 326 So. 2d 194, 195 (Fla. 4th DCA 1976) (recognizing that a conviction for an uncharged crime constitutes fundamental error unless the conviction is for a crime that is "(1) a lesser degree of the crime charged, (2) an attempt to commit the crime charged, (3) necessarily included in the crime charged, or (4) included within the allegations of the accusatory pleading and shown by the proofs").

The holding in *Davis v. State*, 235 So. 3d 320 (Fla. 2018) is instructive. The defendant in that case was charged in two separate cases with one count of robbery with a firearm. *Id.* at 321. As in the instant case, the State in *Davis* did not charge the defendant with robbery with a deadly weapon. *Id.* In both cases, evidence was presented that the object used to commit the crimes was either a real firearm or a BB gun replica of a firearm. *Id.* The juries in both cases found that the defendant did not possess a firearm as alleged in the information and instead found him guilty of robbery with a deadly weapon, an offense which the juries were instructed was a lesser-included offense of the crime charged. *Id.*

Citing to *Jaimes v. State*, 51 So. 3d 445, 448 (Fla. 2010) for the proposition that "[i]t is a fundamental principle of due process that a defendant may not be convicted of a crime that has not been charged by the state," the court held that the defendant's convictions for the uncharged offense of robbery with a deadly weapon could not stand. *Id.* In so holding, the court observed that robbery with a deadly weapon is not

3

a lesser-included offense of robbery with a firearm; rather, robbery with a weapon is the next immediate lesser-included offense of robbery with a firearm. *Id.* The court nonetheless concluded that because the evidence in both trials established that the object the defendant used during the robberies was, if not a firearm, a replica of a firearm which the juries clearly found to be a weapon, the evidence was sufficient to sustain convictions for robbery with a weapon. *Id.* Accordingly, the proper remedy was to reduce the defendant's convictions from robbery with a deadly weapon to robbery with a weapon. *Id.* at 322.

In the present case, as in *Davis*, it is undisputed that the State did not charge Appellant with robbery or attempted robbery with a deadly weapon and that the offenses of robbery or attempted robbery with a deadly weapon are not lesser-included offenses of the charged crimes. Accordingly, Appellant's convictions for robbery and attempted robbery with a deadly weapon cannot stand. *Id.* at 321. Because the evidence presented at trial established that, if not a firearm, the object Appellant used during the robbery and attempted robbery was a BB gun which the jury clearly found to be a weapon, the evidence is sufficient to sustain convictions for robbery and attempted robbery with a weapon. *Id.* Consistent with *Davis*, we reverse and remand for entry of a corrected judgment adjudicating Appellant guilty of robbery and attempted robbery with a weapon. *Id.* at 322.

The State acknowledges the holding in *Davis* but nonetheless maintains that the instant case is distinguishable because the verdict form did not list robbery or attempted robbery with a deadly weapon as lesser-included offenses but rather as sentencing enhancements. This argument has no merit. Regardless of the reason why the uncharged crimes were listed on the verdict form, the fact remains that Appellant stands convicted of crimes for which he was not charged and which are not lesser-included offenses of the charged crimes.

Appellant also argues that he was unconstitutionally sentenced as a PRR because the trial court judge, rather than the jury, made the predicate findings for PRR status. We reject this argument without further comment. *See Chavis v. State*, 247 So. 3d 9, 10 (Fla. 4th DCA 2018); *Chapa v. State*, 159 So. 3d 361, 362 (Fla. 4th DCA 2015). Appellant will, however, need to be resentenced on the robbery with a weapon conviction. This is because section 775.082 only provides for a PRR life sentence for a felony punishable by life. § 775.082(9)(a)3.a., Fla. Stat. (2015). For any other felony in the first degree, the statute provides that the defendant must be sentenced to a term of imprisonment of thirty years. § 775.082(9)(a)3.b., Fla. Stat. Robbery with a weapon is a felony of the

first degree not punishable by life. § 812.13(2)(b), Fla. Stat. (2015). Accordingly, Appellant must be resentenced to a legal sentence in accordance with section 775.082(9)(a)3.b.

*Reversed and remanded for a corrected judgment and resentencing.*

GROSS and MAY, JJ., concur.

\*    \*    \*

***Not final until disposition of timely filed motion for rehearing.***