LAMBERT, J.
Warren K. Mitchell petitions this court for habeas corpus relief to correct a "manifest injustice" that he asserts has resulted in his "continued unlawful detention."[1] We deny the petition.
Mitchell was charged by information with robbery while carrying a firearm or deadly weapon, a first-degree felony punishable by up to life in prison,[2] and a second count of possession of a firearm by a convicted felon. The parties agreed to a severance of this latter count, and the case proceeded to trial on the charge of robbery with a firearm or deadly weapon. The State presented evidence at trial that Mitchell robbed the manager of a Metro PCS store in Orlando, Florida, of approximately $ 200. According to Mitchell's petition, the manager testified at trial that he and Mitchell were the only individuals in the store when Mitchell walked around a *1138 store counter, lifted his shirt, and placed his hand on what appeared to be a silver, automatic-type handgun tucked in his waistband. The manager had seen this type of weapon only once or twice before and only saw the handle and trigger areas as Mitchell's hand remained on the weapon. Mitchell demanded money from the manager, who complied by opening the cash register and giving him $ 200. Mitchell then escorted the manager to a back room of the store and ordered that he remain there for ten minutes. After Mitchell fled from the store, the manager called the police and later picked Mitchell out from a photographic lineup.
During closing arguments, Mitchell's counsel argued to the jury that it had to consider whether the State proved beyond a reasonable doubt that his client used a firearm during the alleged commission of the robbery. Counsel asserted that based on the trial evidence, "we don't know if it's a real gun or not" or "if it was a gun." He acknowledged that the manager went through a stressful situation and that, although the manager "may have thought" it was a gun, "that's not evidence beyond a reasonable doubt that that was a real gun, we don't know."
The trial court instructed the jury on the precise definition of what constitutes a "firearm." It immediately thereafter provided the separate definition of a deadly weapon, explaining that a weapon is deadly if it is used or threatened to be used in a way likely to produce death or great bodily harm. Following the conclusion of all jury instructions, the jury was provided with a verdict form that gave it the options of finding Mitchell guilty of robbery with a firearm or deadly weapon, as charged in the information; guilty of the lesser included offense of robbery with a weapon; guilty of the lesser offense of robbery; or not guilty.
The jury found Mitchell guilty, as charged, of robbery with a firearm or deadly weapon. The jury also returned a separate verdict finding that Mitchell did not carry, display, use, or possess a firearm in the commission of this offense. Based on this factual finding, the trial court, post-verdict, adjudicated Mitchell guilty solely of robbery with a deadly weapon and sentenced him to serve thirty years in prison.[3] On direct appeal, this court affirmed Mitchell's judgment and sentence without opinion. Mitchell v. State , 65 So.3d 1064 (Fla. 5th DCA 2011).
Mitchell argues in his present petition that the verdict finding him guilty of robbery with a firearm or deadly weapon is inconsistent with the jury's separate, special verdict that he did not carry, display, use, or possess a firearm during the commission of the robbery. Mitchell essentially reasons from these allegedly conflicting verdicts that he could only be guilty of unarmed robbery, a second-degree felony, and asks that we direct the trial court to vacate his current judgment and sentence, enter a new judgment of simple robbery, and resentence him accordingly. Our task here is to decide whether these verdicts are truly inconsistent such that Mitchell is entitled to his requested relief.
"An inconsistent verdicts claim presents a pure question of law and is reviewed de novo." Zelaya v. State , 257 So.3d 493, 496 (Fla. 4th DCA 2018) (quoting Brown v. State , 959 So.2d 218, 220 (Fla. 2007) ). Mitchell acknowledges that, as a general rule, inconsistent verdicts are permitted in Florida because they may be the result of lenity or the jury's exercise of *1139 its "inherent authority to acquit," even when the facts support a conviction. See Brown v. State , 966 So.2d 989, 990 (Fla. 5th DCA 2007). Instead, Mitchell argues that the one recognized exception to this general rule-the "true inconsistent verdict"-applies to his case, entitling him to relief. This exception results when "an acquittal on one count negates a necessary element for conviction on another count." State v. Powell , 674 So.2d 731, 733 (Fla. 1996) (quoting Gonzalez v. State , 440 So.2d 514, 515 (Fla. 4th DCA 1983) ). Under such circumstances, the charges are legally interlocked and thus are "truly inconsistent." Id. This exception to the court otherwise permitting inconsistent verdicts is warranted because the possibility of a wrongful conviction outweighs the rationale for allowing the inconsistent verdicts to stand. Id.
Contrary to Mitchell's argument, we find nothing inconsistent about the jury's verdicts. The case of State v. McGhee , 174 So.3d 470 (Fla. 1st DCA 2015), is particularly instructive on this issue. There, the defendant was charged with committing an aggravated assault arising from an altercation in which he allegedly threatened the victim with an old, black gun. Id. at 471. Aggravated assault is defined as an assault with a deadly weapon without an intent to kill. See § 784.021(1)(a), Fla. Stat. (2014). During closing argument, defense counsel openly questioned the victim's testimony about seeing a firearm as opposed to some other object as well as the victim's physical capacity to have identified a firearm. McGhee , 174 So.3d at 472. The State responded in its closing argument that based on both common sense and the victim's testimony, the defendant was using a firearm to threaten the victim, "but no matter what it was, he was certainly using it in a way to threaten to make it look like a real firearm." Id.
The jury found the defendant guilty of aggravated assault, but in a separate special verdict, found that the defendant did not actually possess a firearm when committing the offense. Id. at 471. The trial court granted the defendant's posttrial motion for arrest of judgment, essentially agreeing with the defendant that the jury's special finding as to the lack of a firearm negated the verdict of aggravated assault because, with no deadly weapon, the two verdicts were truly inconsistent. Id. The court reduced the aggravated assault conviction to simple assault. Id.
The First District Court reversed and remanded with instructions to reinstate the jury's verdict. Id. at 472. It first observed that the case, as presented to the jury, involved a dispute as to the nature of the weapon involved. Id. The court noted that under the aggravated assault statute, a "deadly weapon" need not be a firearm; "it is simply an object used or threatened to be used in a way likely to produce death or great bodily harm." Id. (citing J.L. v. State , 60 So.3d 462, 464 (Fla. 1st DCA 2011) ). Accordingly, the court concluded that there was nothing inconsistent with the jury finding the defendant guilty of aggravated assault yet finding that the defendant was not in actual possession of a firearm because "[a]pparently, [the jury] determined that the firearm-looking weapon used by [the defendant] to commit the offense was not actually a firearm, a finding well within the scope of the parties' arguments about the disputed weapon." Id. ; accord Reeder v. State , 399 So.2d 445, 446 (Fla. 5th DCA 1981) (reasoning that "[t]he jury could have found that an assault occurred and that the pistol or object used constituted a deadly weapon but that the State failed to prove beyond a reasonable doubt that the pistol met the statutory definition of a 'firearm' ") (citations omitted).
*1140 Significantly, in the present case, Mitchell was, in fact, convicted of the charged offense of robbery with a firearm or a deadly weapon. Cf. Davis v. State , 235 So.3d 320, 321 (Fla. 2018) (holding that reductions for convictions of robbery with a deadly weapon to robbery with a weapon were warranted when the defendant was charged only with robbery with a firearm and not robbery with a deadly weapon and the jury found that the defendant was not in possession of a firearm during commission of the robbery). And, much like in McGhee , defense counsel here argued that the manager was mistaken in his belief that Mitchell actually possessed a gun. The evidence also supported that Mitchell was threatening the manager with a weapon in a fashion to make it look like he had a "real" firearm. Thus, just as the "firearm-looking weapon" was a deadly weapon to support the aggravated assault conviction in McGhee , so too was the "firearm-looking weapon" here threatened to be used in a way to produce death or great bodily harm, justifying the conviction for robbery with a deadly weapon.
Accordingly, we conclude that the verdict of robbery with a firearm or deadly weapon, as charged, and the verdict that Mitchell was not in actual possession of a firearm, were not truly inconsistent.[4] Mitchell is not entitled to habeas corpus relief.
Finally, Mitchell has now raised this same issue in several earlier posttrial proceedings before the trial court and thereafter on subsequent appeals. We caution him that further repetitive filings regarding his conviction and sentence in Orange County Circuit Court Case No. 48-2009-CF-017527-0 may result in sanctions imposed against him, such as a bar on pro se filings in this court regarding this circuit court case and a referral to prison officials for disciplinary proceedings, which may include forfeiture of gain time. See State v. Spencer , 751 So.2d 47, 48 (Fla. 1999) ; § 944.279(1), Fla. Stat. (2018).
PETITION FOR WRIT OF HABEAS CORPUS DENIED.
ORFINGER and EDWARDS, JJ., concur.

See Anglin v. Mayo , 88 So.2d 918, 919 (Fla. 1956) ("If it appears to a court of competent jurisdiction that a man is being illegally restrained of his liberty, it is the responsibility of the court to brush aside formal technicalities and issue such appropriate orders as will do justice."); Paul v. State , 183 So.3d 1154, 1156 (Fla. 5th DCA 2015) (granting habeas corpus relief in exceptional circumstances where reliance on earlier erroneous appellate court decision in the case would result in manifest injustice).

See § 812.13(2)(a), Fla. Stat. (2009).

The trial court separately granted Mitchell's post-verdict motion for judgment of acquittal on the severed count of possession of a firearm by a convicted felon.

We separately note that the verdict finding that Mitchell was not in actual possession of a firearm during the robbery is truly inconsistent with the severed count of possession of a firearm by a convicted felon and, as previously indicated, the trial court correctly granted Mitchell's posttrial motion for judgment of acquittal on that count.