IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DARRYL LAMAR DUFFY,

        Petitioner,

v.

        Case No.  5D22-691
        LT Case No. 2019-301411-CFDB

STATE OF FLORIDA,

        Respondent.

_____/

Opinion filed July 8, 2022

Petition Alleging Ineffectiveness of
Appellate Counsel,
A Case of Original Jurisdiction.

Darryl Lamar Duffy, Live Oak, pro se.

Ashley Moody, Attorney General,
Tallahassee, and Kellie A. Nielan,
Assistant Attorney General, Daytona
Beach, for Appellee.

EVANDER, J.

      In his petition for ineffective assistance of appellate counsel, filed

pursuant to Florida Rule of Appellate Procedure 9.141(d), Darryl Duffy

alleges that his appellate counsel was ineffective in failing to argue, as fundamental error, that he was convicted of an uncharged offense. We agree and, accordingly, grant the petition.

The record reflects that Duffy was charged by amended information with principal to robbery with a firearm (Count I) and fleeing or attempting to elude at high speed (Count II). At trial, the jury was provided a verdict form which listed robbery with a deadly weapon as a lesser included offense of robbery with a firearm.[1] In instructing the jury on the use of the verdict form,

---

[1] The verdict form for Count I read as follows:

VERDICT

WE THE JURY find the Defendant, DARRYL LAMAR DUFFY, as follows:

COUNT I
(Check only one.)

_____ GUILTY of the charge of PRINCIPAL TO ROBBERY WITH A FIREARM, as charged in the information.

__X_ GUILTY of the charge of PRINCIPAL TO ROBBERY WITH A DEADLY WEAPON, a lesser included offense.

_____ GUILTY of the charge of PRINCIPAL TO ROBBERY WITH A WEAPON, a lesser included offense.

_____ GUILTY of the charge of PRINCIPAL TO ROBBERY, a lesser included offense.

_____ NOT GUILTY.

2

the trial court also referenced robbery with a deadly weapon as a lesser included offense of robbery with a firearm. Defense counsel did not object to either the jury instruction or the verdict form. The jury found Duffy guilty, as charged, on Count II. However, on Count I, the jury found Duffy guilty of the purported lesser included offense of robbery with a deadly weapon. Duffy was subsequently sentenced to life in prison as a Prison Releasee Reoffender on Count I, and fifteen years on Count II.

This court per curiam affirmed Duffy's convictions. *Duffy v. State*, 333 So. 3d 718 (Fla. 5th DCA 2022). Notably, on direct appeal, Duffy's appellate counsel did not argue that the trial court committed fundamental error by instructing the jury that robbery with a deadly weapon was a lesser included offense of robbery with a firearm.

"It is a fundamental principle of due process that a defendant may not be convicted of a crime that has not been charged by the state. . . . Therefore, an error that directly results in such a conviction is by definition fundamental." *Jaimes v. State*, 51 So. 3d 445, 448 (Fla. 2010) (holding that instructing jury that offense of aggravated battery by causing great bodily harm where the information charged defendant with aggravated battery with deadly weapon constituted fundamental error).

In *Davis v. State*, 235 So. 3d 320, 322 (Fla. 2018), our supreme court expressly held that robbery with a deadly weapon was not a lesser included offense of robbery with a firearm and that it was error for the trial court to instruct the jury as such. Because Davis was not charged with robbery with a deadly weapon, the court concluded that although Davis could be adjudicated guilty of the lesser included offenses of robbery with a weapon, his convictions for the uncharged offenses of robbery with a deadly weapon could not stand. *Id.*; s*ee also McDonald v. State*, 264 So. 3d 202, 204 (Fla. 4th DCA 2019) (holding that defendant's conviction for robbery with deadly weapon constituted fundamental error where defendant was charged with robbery with firearm).

On remand, the trial court is directed to enter a corrected judgment reducing Duffy's conviction on Count I to the lesser included offense of robbery with a weapon and to conduct a new sentencing hearing.

PETITION GRANTED; REMANDED with instructions.


TRAVER and NARDELLA, JJ., concur.